793 F.2d 1290
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
KENNETH R. BARKER, Plaintiff-Appellant,
v.
RONALD C. MARSHALL, Defendant-Appellee.
 84-3246
 United States Court of Appeals, Sixth Circuit.
 5/23/86
 
 AFFIRMED
 S.D.Ohio
 On Appeal from the United States District Court for the Southern District of Ohio
 Before: ENGEL, KENNEDY and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Kenneth R. Barker appeals a summary judgment of the United States District Court for the Southern District of Ohio dismissing Barker's complaint which was brought pursuant to 42 U.S.C. Sec. 1983.
 
 
 2
 Barker is an inmate at the Southern Ohio Correctional Facility at Lucasville, Ohio. On April 25, 1981, his mother, Betty Barker, came to visit him as she had done without incident for six years. On that occasion, however, she was informed that she was to be a random subject of a strip and visual body cavity search. Ms. Barker refused to submit to the search and was not admitted to the facility. She was further prohibited from visiting or sending packages or money to her son for a period of 90 days.
 
 
 3
 Kenneth Barker filed a complaint against Ronald C. Marshall, the Superintendent at Lucasville, on January 19, 1982, apparently challenging both the constitutionality of the random strip search policy and the 90-day bar on visitation. He sought judgment declaring random strip searches violative of the First and Eighth Amendments, an injunction against further strip searches of visitors, and $30,000 compensatory and $10,000 punitive damages.
 
 
 4
 On January 5, 1984, the United States Magistrate recommended summary judgment in favor of Marshall. He found that 'previsitation strip searches of visitors is not an exaggerated means of protecting the prison officials' interest in restricting the flow of weapons and contraband into a correctional facility,' that the mailing restriction was reasonably related to security purposes because it did not affect correspondence, and that the strip search requirement and the mailing restrictions were not violative of Kenneth Barker's Constitutional rights. On de novo review, the district court adopted the magistrate's report and recommendation and dismissed Barker's suit.
 
 
 5
 On appeal, Barker contends that the 90-day visitation restriction violated his fundamental right to familial visitation, that random strip searches, effected without 'real suspicion,' are unreasonable, that visitors have a right to screened visitation as an alternative to contact visitation conditioned upon strip searches, and that material questions of fact exist regarding the Superintendent's justification for random strip searches.
 
 
 6
 Barker did not file an objection to that part of the Magistrate's report rejecting his Fourth Amendment claims concerning unreasonable search and seizure. Thomas v. Arn, 106 S. Ct. 466 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).
 
 
 7
 Upon a careful examination of Barker's other claims, we are of the opinion that they were adequately and correctly addressed in the report and recommendation of the United States Magistrate submitted to the district court on January 5, 1984. We find no merit to his claim that random strip searches of visitors to a facility such as that involved here are violative of the petitioner's First and Eighth Amendment rights. Likewise, the limited restrictions on petitioner's mother's ability to send money and packages to the petitioner were well within the broad discretion conferred upon state prison officials in an effort to discourage the flow of weapons and contraband into prison facilities, especially where no inhibition was made upon petitioner's mother's right to correspond with him by mail.
 
 
 8
 Accordingly, the judgment of the district court is AFFIRMED.