889 F.2d 1087
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Abraham McMULLIN, Petitioner-Appellant,
v.
H. Gary WELLS, Respondent-Appellee.
 No. 89-1520.
 United States Court of Appeals, Sixth Circuit.
 Nov. 16, 1989.
 
 1
 Before MERRITT, Chief Judge, KENNEDY, Circuit Judge, and ROBERT M. McRAE, Jr., Senior District Judge.*
 
 ORDER
 
 2
 Abraham McMullin, a pro se Michigan prisoner, appeals the district court's dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 McMullin was convicted by a jury of first degree criminal sexual conduct; he was sentenced to an indefinite term of fifteen to twenty-five years imprisonment. His conviction was affirmed by the Michigan Court of Appeals, and the Michigan Supreme Court denied discretionary review. In this habeas petition, McMullin argued: 1) the prosecuting witness could not identify him at the preliminary hearing; 2) counsel was ineffective for not objecting to the witness' inability to identify him; and 3) the trial judge was prejudiced against petitioner. McMullin also attached to his petition a copy of his brief to the Michigan Court of Appeals where he raised the following additional claims: 4) he was denied a fair trial when the prosecution elicited testimony of McMullin's other criminal offenses; 5) the prosecutor infringed upon petitioner's privilege against self-incrimination and shifted the burden of proof by arguing that defense counsel should explain certain facets of the case; 6) the trial court improperly instructed the jury on second degree criminal sexual conduct; and 7) counsel was ineffective for not objecting to claims four, five and six.
 
 
 4
 The magistrate recommended the petition be dismissed for lack of exhaustion as it was a mixed petition because the first three claims had never been presented to the Michigan courts. Petitioner was informed he had ten days in which to file objections to the magistrate's report. Instead of filing objections, McMullin, within the ten day time period, filed a notice of appeal requesting a certificate of probable cause. In the application, petitioner abandoned his three unexhausted claims. The district court granted a certificate of probable cause, and thereafter, adopted the magistrate's recommendation and dismissed the petition for McMullin's failure to file objections to the magistrate's report.
 
 
 5
 On appeal, McMullin requests the appointment of counsel and argues that his claims are exhausted.
 
 
 6
 Upon review, we deny the request for counsel and affirm the cistrict court's judgment. A review of the recort indicates that McMullin did not file objections to the magistrate's report nor has he explained why the objections were not filed. Under these circumstances, we conclude that McMullin has waived appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981).
 
 
 7
 We note, however, that McMullin may still file another habeas petition raising any claims that have been exhausted in the Michigan courts.
 
 
 8
 Accordingly, the request for counsel is denied and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert M. McRae, Jr., Senior U.S. District Judge for the Western District of Tennessee, sitting by designation