909 F.2d 1483
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marty O'Shea FRANKLIN, Plaintiff-Appellant,
v.
James T. ANDERSON, et al., Defendants,
Deborah F. Hall, George Jeter, Rosa Johnson, Robert Chick,
David Hindman, Joe Sergeant, William Chambers, Milton
Carney, Chester Criswell, John D. Cole, Arthur Chaplain,
Eddie Johnson, Ronald Metheny, Defendants-Appellees.
 No. 89-6312.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1990.
 
 Before KENNEDY and BOGGS, Circuit Judges, and TIMBERS, Senior Circuit Judge.*
 
 ORDER
 
 1
 Marty O'Shea Franklin, a pro se Tennessee prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory and injunctive relief, Franklin, an inmate at the Tennessee State Penitentiary, sued numerous corrections officials alleging that: (1) he did not receive, in connection with six disciplinary hearings, adequate written statements as to the evidence relied upon and the reasons for the disciplinary action taken; (2) the prison disciplinary board excluded witnesses from the six hearings pursuant to a prison policy that excludes witnesses under all circumstances; (3) he was denied access to the courts when his typewriter was confiscated in order to curtail his legal activities; and (4) he was beaten by prison officials and denied medical attention. The magistrate recommended that defendants' motion for summary judgment be granted, finding: (1) the disciplinary proceedings at issue satisfied constitutional mandates; (2) Franklin was allowed to call at least one witness during each disciplinary hearing; (3) confiscation of Franklin's typewriter was accomplished pursuant to prison policy, and not done in an attempt to curtail his legal activities; and (4) Franklin waived his assault action because he had presented the same claim in a lawsuit filed before the Tennessee Claims Commission. Franklin was informed that he had ten days to file written objections to the magistrate's report. The district court later adopted the magistrate's recommendation after noting that Franklin had not filed objections to the magistrate's report.
 
 
 3
 On appeal, Franklin reasserts his claims and requests the appointment of counsel.
 
 
 4
 Upon review, we affirm the district court's judgment. The magistrate's report was filed on June 21, 1989. On July 3, 1989, Franklin filed a motion for a thirty day extension of time to file objections. The magistrate granted the request, but a review of the record indicates that Franklin never filed objections to the magistrate's report nor has he adequately explained why objections were not filed. Under these circumstances, we conclude that Franklin has waived appellate review of his claims. See Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981).
 
 
 5
 Accordingly, the request for counsel is denied and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William H. Timbers, Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation