928 F.2d 1132
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Abdullah Jihad Abdul JAAMI, Plaintiff-Appellant,
v.
DIRECTOR OF OFFENDER CLASSIFICATION, Michael Dutton, Charles
Bass, James Vandever, Charles Smith, TDOC/Offender
Information, Records Department Personnel, Sentence Summary
Personnel, Howard G. Cook, Bobby J. Stephens, Sue Bowman,
Coffey, Cpl, Rayburn, Cpl, Cerrutti, Co1, Captain Lawrence
Martin, Jim Rose, Randy Griggs, Carl Smith, Sonny Wise,
Defendants-Appellees.
 Nos. 90-5666, 90-5667.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1991.
 
 M.D.Tenn., No. 88-00171; Higgins, J.
 
 
 1
 M.D.Tenn.
 
 
 2
 AFFIRMED.
 
 
 3
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and GILMORE, District Judge.*
 
 ORDER
 
 4
 In these consolidated cases, Abdullah Jihad Abdul Jaami, a pro se Tennessee prisoner, appeals the district court's orders denying his motion for a preliminary injunction (No. 90-5666) and granting summary judgment for the defendants (No. 90-5667) in his civil rights action filed under 42 U.S.C. Sec. 1983. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 Seeking monetary and injunctive relief, Jaami sued sixteen officers and employees of the Tennessee Department of Corrections (TDOC) in their individual and official capacities; he also sued three agencies of the TDOC. He alleged violations of his rights under the eighth and fourteenth amendments because of incorrect information in his sentence summary sheets, careless handling of those sheets which allegedly placed him in physical danger, abolishment of his prison job as a law library aide, and retaliatory transfers. At the same time, Jaami filed a separate motion for a TRO and/or preliminary injunction which would return him to Tennessee State Penitentiary and his former job, provide time and space to prepare documents for this action, issue a protective order for all inmates participating in his proof, and prevent the defendants from performing acts of reprisal.
 
 
 6
 After conducting a hearing, a magistrate filed a report and recommendation finding only two of Jaami's claims to be non-frivolous: (1) whether Jaami's transfers were in retaliation for his advocacy on behalf of other inmates, and (2) whether the manner in which the sentence summary sheets were distributed posed a danger to Jaami's safety. The magistrate also recommended dismissing several defendants and denied the motion for a preliminary hearing. No objections were filed within the time required, and the district court adopted the magistrate's report in all respects. Jaami's renewed motion for a preliminary injunction was denied on December 12, 1988.
 
 
 7
 On March 29, 1989, Jaami filed a motion to amend his complaint, which the district court granted. This amendment added a new allegation regarding negligent dissemination of Jaami's trust fund activity statement and dropped one of the individual defendants.
 
 
 8
 The magistrate recommended granting the remaining defendants' subsequent motion for summary judgment because he found no evidence that Jaami's prison transfers were in retaliation for protected activities, nor any evidence to show deliberate indifference to his personal safety in the distribution of the sentence summary sheets. The magistrate further found that the claim concerning Jaami's trust fund failed to state a claim under Sec. 1983, and recommended that all claims based on incidents occurring more than one year prior to February 3, 1988 were barred by the statute of limitations. After reviewing the magistrate's report, Jaami's objections, and the record, the district court granted the defendants' motion for summary judgment in an order entered on April 23, 1990.
 
 
 9
 On appeal, Jaami continues to argue the merits of his claims, except for the trust fund activity statement claim, and raises a new substantive due process argument based on the dissemination of actual or erroneous information in his sentence summary sheet. He requests the appointment of counsel and a transcript at government expense in his brief.
 
 
 10
 We shall affirm the district court's grant of summary judgment in his transfer and sentence summary sheet issues because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 11
 Jaami waived his right to appeal the dismissal of the claims determined to be frivolous by his failure to file timely objections to the magistrate's report and recommendation of October 21, 1988. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). He abandoned his claim concerning negligent dissemination of his trust fund activity statement and so that issue is not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). In addition, Jaami's substantive due process argument, which was not initially raised in the district court, will not be addressed for the first time on appeal. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 12
 Accordingly, Jaami's requests for the appointment of counsel and a transcript at government expense are denied. The district court's order entered on April 23, 1990 is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit. The appeal from the December 12, 1988 denial of the motion for a preliminary injunction is dismissed as moot. Rule 9(b)(1), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, U.S. District Judge for the Eastern District of Michigan, sitting by designation