929 F.2d 701
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert L. HUNTER, Petitioner-Appellant,
v.
Bruce McDONALD, Warden, State of Tennessee, Respondent-Appellee.
 No. 90-6397.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1991.
 
 W.D.Tenn., No. 88-02827; Turner, J.
 
 
 1
 W.D.Tenn.
 
 
 2
 AFFIRMED.
 
 
 3
 Before NATHANIEL R. JONES and SUHRHEINRICH, Circuit Judges, and FEIKENS, Senior District Judge.*
 
 ORDER
 
 4
 Robert L. Hunter, a pro se Tennessee prisoner, appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 A jury convicted Hunter and two codefendants in June 1986 of robbery with a deadly weapon. Hunter was sentenced to 33 years imprisonment with a release eligibility date at 30%. He appealed his conviction on eight grounds, but the Tennessee Court of Criminal Appeals affirmed the judgment on January 6, 1988. The Supreme Court of Tennessee denied further review on May 2, 1988.
 
 
 6
 In his present petition, Hunter raises the same eight grounds he presented to the state courts: (1) improperly admitted identification testimony, (2) insufficient evidence, (3) improperly admitted witness statements with refusal to give cautionary instructions, (4) series of incorrect rulings by the trial court, (5) erroneous denial of motion for judgment of acquittal, (6) estoppel of respondent from presenting consent theory of mistrial, (7) double jeopardy, and (8) erroneous refusal to dismiss indictments on basis of double jeopardy.
 
 
 7
 A magistrate filed a report and recommendation on March 10, 1989. He considered claims 1, 2, and 5 (as numbered above) essentially questions of witness credibility and, from an independent review of the transcript, concluded that a rational trier of fact could have found proof beyond a reasonable doubt that defendant Wilkins committed the robbery and fled in a car driven by defendant Hunter. The magistrate further found that Hunter's claims regarding evidentiary rulings were not of constitutional magnitude and that his claim of a "pattern of erroneous rulings" by the trial court was without merit. However, the magistrate found that claims 6, 7, and 8, all relating to the issue of double jeopardy, did form a basis for federal habeas relief. He concluded that defendant Hunter did not consent to a mistrial, and that no manifest necessity otherwise existed for declaring a mistrial; therefore, Hunter was twice placed in jeopardy in violation of his fifth amendment rights.
 
 
 8
 The respondent filed timely objections to the magistrate's report insofar as it found that Hunter had not consented to the mistrial and he had thus been exposed to double jeopardy. The respondent also maintained his position that the trial judge was justified in finding that improper contact with the jury had occurred. Hunter responded to these objections, urging the district court to adopt the magistrate's report and recommendation. In an order filed September 12, 1990, the district court concluded that Hunter's second trial did not violate his right to be free from double jeopardy. The court, following a de novo review, determined that the state court's finding that Hunter acquiesced in the mistrial is supported by the record. The court, consequently, denied the writ and filed a judgment of dismissal on September 17, 1990.
 
 
 9
 On appeal, Hunter continues to argue that the magistrate's analysis of the double jeopardy issue was correct, and also appeals the adjudication of his other issues. He has submitted a motion for the appointment of counsel and a motion to strike the defense of acquiescence.
 
 
 10
 We affirm the district court's judgment because the record shows that Hunter's trial was fundamentally fair. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990).
 
 
 11
 Initially, Hunter has waived his right to appeal any issues other than double jeopardy through his failure to file timely objections to the magistrate's report and recommended disposition of those issues. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). In fact, he urged adoption of the magistrate's report, which included adverse dispositions of his other grounds for relief.
 
 
 12
 We affirm the district court as to the double jeopardy issue because the record shows that the trial court did not abuse its discretion in ordering a mistrial and that Hunter impliedly consented to the court's action, thus precluding a finding of double jeopardy. See United States v. White, 914 F.2d 747, 753 (6th Cir.1990); Camden v. Circuit Court of the Second Judicial Circuit, 892 F.2d 610, 614 (7th Cir.1989), cert. denied, 110 S.Ct. 1954 (1990); United States v. Puleo, 817 F.2d 702, 705 (11th Cir.), cert. denied, 484 U.S. 978 (1987).
 
 
 13
 Accordingly, the motions for the appointment of counsel and to strike are denied. The district court's judgment dismissing Hunter's petition for a writ of habeas corpus is hereby affirmed for the reasons set forth by the district court in its order filed September 12, 1990. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John Feikens, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation