UNITED STATES of America, Plaintiff-Appellant,

v.

W. R. WALTERS et al., Defendant-Appellee.

UNITED STATES of America, Plaintiff-Appellant,

v.

TWO HUNDRED SIXTY–TWO FIREARMS, Defendant-Appellee.

No. 78–3653.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 14, 1980.

Decided Jan. 20, 1981.

C. Cleveland Gambill, Asst. U. S. Atty., Lexington, Ky., Dale Cayot, Regional Counsel, BATF, Cincinnati, Ohio, for plaintiff-appellant.

Dan Jack Combs, Pikeville, Ky., for defendant-appellee.

Before ENGEL and JONES, Circuit Judges, and LAMBROS, District Judge.*

NATHANIEL R. JONES, Circuit Judge.

The United States appeals from a judgment dismissing its petition for forfeiture of 262 weapons. The district court held that it lacked jurisdiction because the United States Attorney General or his delegate failed to authorize the forfeiture action. The issues on appeal are: (1) whether the United States' failure to file objections to a Magistrate's Report in the district court prior to its adoption of such report constitutes a waiver of the right to appeal; (2) whether a United States Attorney is a delegate of the United States Attorney General authorized to commence a forfeiture action; and (3) whether the government's seizure of the 262 weapons violated the Fourth Amendment. For the reasons set forth below, we reverse the judgment of the district court and remand the case for appropriate proceedings.

## I.

The defendant has a federal license to deal in firearms at two locations in Pikeville, Kentucky. The defendant sold firearms to undercover agents of the Bureau of Alcohol, Tobacco, and Firearms (ATF) at a gun show in Virginia without a license to deal in firearms at that location. He pleaded *nolo contendre* to the sale of firearms in violation of federal law,[1] and he received and paid a fine of $1,500. Thereafter, pursuant to a search warrant procured in the Eastern District of Kentucky, ATF agents searched the defendant's residence and business. ATF agents seized 262 firearms because the defendant allegedly failed to produce either inventory records, or records of receipt or disposition.

On April 13, 1977, in a letter to the United States Attorney at Lexington, Kentucky, the Regional Counsel, Central Region, Bureau of Alcohol, Tobacco and Firearms, requested the commencement of forfeiture proceedings. On April 26, the defendant filed a motion in the United States District Court for the Eastern District of Kentucky for the return of the seized firearms. On May 31, the United States Attorney initiated forfeiture proceedings by filing a complaint in district court.

The actions were consolidated by the district court and referred to the United States Magistrate for hearing. Following an evidentiary hearing, the magistrate concluded that the United States Attorney General or his delegate had not authorized commencement of the forfeiture action pursuant to 26 U.S.C. § 7401. Therefore, in the magistrate's opinion, the district court lacked jurisdiction to issue a judgment enforcing the forfeiture. The magistrate recommended that the defendant's motion for the return of the firearms be granted.

Fifteen days later, the district court, after reviewing the magistrate's report and noting that no objection had been filed, adopted the report. The United States appeals the district court's order dismissing the forfeiture action.

---

\* Honorable Thomas D. Lambros, District Judge, United States District Court for the Northern District of Ohio, sitting by designation.

1. 18 U.S.C. §§ 922(a)(1), 922(c), 923, and 924(a).

## II.

Before addressing the merits of this appeal, we must decide whether the United States' failure to object to the magistrate's report and recommendation prior to the district court's adoption of such report constitutes a waiver of a right to appeal the district court's order.

The Federal Magistrate's Act, 28 U.S.C. § 631 *et seq.* provides:

(B) a judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

(C) the magistrate shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

*Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.* A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

§ 636(b)(1)(B) (emphasis added). Our inquiry focuses on the phrase "may serve and file written objections."

The defendant argues that the United States waived its right to appeal by failing to file objections to the magistrate's report and thereby obtain a *de novo* review of such issues in the district court.[2] He relies upon *United States v. Reeds*, 552 F.2d 170 (7th Cir. 1977), to contend that this appeal, in effect, is a direct appeal from the magistrate's finding. However, *Reeds* is distinguishable from our case. In *Reeds* the defendant appealed directly from a magistrate's finding, while the United States appeals from an order of the district court. Direct appeals from the magistrate's findings are correctly denied, because only final orders of the district court are appealable pursuant to 28 U.S.C. § 1291. *Taylor v. Oxford*, 575 F.2d 152, 154 (7th Cir. 1978); *Dye v. Cowan*, 472 F.2d 1206 (6th Cir. 1977).

The United States contends that, in light of the advisory function of the magistrate, *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976), the district judge was still entirely free to "accept, reject or modify in whole or in part, the findings and recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(B). It argues that because the statute does not require the filing of objections and there was no desire to present additional evidence, it would have been a waste of judicial economy to demand a complete rehearing. Initial review at the district court was presumed because ultimate responsibility for decision-making in every instance is retained by the judge. *Id.*

█ The permissive language of 28 U.S.C. § 636 suggests that a party's failure to file objections is not a waiver of appellate review. However, the fundamental congressional policy underlying the Magistrate's Act—to improve access to the federal courts and aid the efficient administration of justice [3]—is best served by our hold-

---

**2.** *See Calderon v. Waco Lighthouse for the Blind*, 630 F.2d 352 (5th Cir. 1980).

**3.** In 1968, Congress enacted the Federal Magistrate's Act, 28 U.S.C. § 631 *et seq.*, which sought to:

reform the first echelon of the Federal judiciary into an effective component of a modern scheme of justice ... S.Rep. No. 371, 90th Cong., 1st Sess., 8 (1967) ... The Act grew from Congress' recognition that a multitude of new statutes and regulations had created an avalance of additional work for the dis-

ing that a party shall file objections with the district court or else waive right to appeal. Additionally, through the exercise of our supervisory power, we hold that a party shall be informed by the magistrate that objections must be filed within ten days or further appeal is waived.

The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately. This comports with judicial efficiency and "will often save the parties the expense and difficulty of appeal." *Sick v. City of Buffalo*, 574 F.2d 689, 693 (2nd Cir. 1978); *United States v. Jones*, 581 F.2d 816 (10th Cir. 1978). The decision in *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980) aptly recognized:

> The purpose of the Magistrate's Act is to relieve courts of unnecessary work. Since magistrates are not Article III judges, it is necessary to provide for a redetermination by the court, if requested, of matters falling within subsection (b)(1)(B).

*Id.* at 605.

■ However, we give our ruling only prospective effect because rules of procedure should promote, not defeat the ends of justice, *Hormel v. Helvering*, 312 U.S. 552, 557, 61 S.Ct. 719, 721, 85 L.Ed. 1037 (1941), the position of the United States was plausible, and our rule was not invariably anticipated. Therefore, the final order of the district court is appropriately before this Court, pursuant to 28 U.S.C. § 1296.

### III.

The main issue raised by the United States is whether it properly authorized the commencement of the forfeiture proceedings. The district court ruled that specific authorization from the Attorney General or

his delegate was needed and such authorization was not provided. We disagree.

■ The United States brought the civil forfeiture action under 18 U.S.C. § 924(d) which provides:

> (d) Any firearm or ammunition involved in or used or intended to be used in, any violation of the provisions of this chapter or any rule or regulation promulgated thereunder, or any violation of any other criminal law of the United States, shall be subject to seizure and forfeiture and all provisions of the Internal Revenue Code of 1954 relating to the seizure, forfeiture, and disposition of firearms, as defined in section 5845(a) of that Code, shall, so far as applicable, extend to seizures and forfeitures under the provisions of this chapter.

The jurisdictional requirement for bringing a forfeiture action is set forth in 26 U.S.C. § 7401:

> No civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary or his delegate authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced. Aug. 16, 1954, c. 736, 68A Stat. 873.

This statute was construed in *United States v. One 1972 Cadillac Coup DeVille*, 355 F.Supp. 513 (E.D.Ky.1973), to require (1) specific permission from the Secretary of the Treasury or his delegate to proceed *and* (2) direction from the Attorney General or his delegate that the action be commenced in district court. In the instant case, the district court agreed with the magistrate's finding that the first requirement was met by the letter from the Regional Counsel, Bureau of Alcohol, Tobacco, and Firearms, to the United States Attorney authorizing the commencement of the suit.[4] But, the

---

trict court which could be performed only by multiplying the number of judges or giving judges additional assistance.

See H.R.Rep. No. 94–1609, 94th Cong. 2d Sess. 4, 6, 7, 11 (1976), *reprinted in* 1976 U.S. Code Cong. & Admin. News, p. 6162. *See also*,

*Mathews v. Weber*, 423 U.S. 261, 266, 268, 96 S.Ct. 549, 553, 46 L.Ed.2d 483 (1975).

**4.** The letter stated in part: "we hereby authorize and sanction the commencement of suit in this case in accordance with the provisions of Title 26, United States Code, Section 7401."

district court also adopted the magistrate's finding that there was no proof of any specific direction by the Attorney General or his delegate to commence the action in district court. We disagree and hold that the United States Attorney, as a delegate of the Attorney General, has the statutory authority to institute forfeiture proceedings.

While the United States Attorney General has broad supervisory power over all United States Attorneys, 28 U.S.C. § 519, the need for an efficient administration of our complex and ever burgeoning justice system has necessitated delegation of the Attorney General's supervisory powers to the United States Attorney. Pursuant to 28 U.S.C. § 547, the United States Attorney has broad authority to represent the government and prosecute cases.[5] The authority to institute and prosecute forfeiture proceedings for the violation of all revenue laws is specifically delegated to each United States Attorney in Section 547(4).

Additionally, Attorney General Circular No. 3931[6] specifically directs the United States Attorneys to commence forfeiture proceedings for the violation of Internal Revenue liquor laws. The statutory civil action for forfeiture of firearms, 18 U.S.C. § 924(d), expressly incorporated therein all the provisions of the Internal Revenue laws relating to the forfeiture of unstamped items, including liquor. Therefore, Circular No. 3931 also is applicable to civil actions for the forfeiture of firearms. Thus, we hold that the United States Attorney, as a delegate of the Attorney General for purposes of instituting a forfeiture action, 28 U.S.C. § 547(4), satisfies the jurisdictional requirement of 26 U.S.C. § 7401 by the filing of the complaint to commence such action. *See United States v. Twenty "Mighty Payloader," et al.,* 623 F.2d 510 (8th Cir. 1980).

## IV.

◼ The Fourth Amendment requires that a search warrant describe with particularity the places to be searched and the things to be seized. In this case, the search warrant was sufficiently specific in its description of the seizure of firearms records required to be kept by 18 U.S.C. § 923. ATF agents executing the warrant allegedly received from the defendant a folder of his records. Thus, the defendant argues that the ATF agents' seizure of the 262 firearms exceeded the authorized scope of the search. The government contends that the seizure of the firearms was justified under the "plain view" exception to the warrant requirement because the firearms in the defendant's possession were evidence of his failure to keep the required records. *See United States v. Hare,* 589 F.2d 1291 (6th Cir. 1979). Because the government's contention is arguably dependent upon the ATF agents' knowledge of the defendant's failure to maintain records for particular firearms, we do not address the merits of defendant's argument. The issue of whether the 262 firearms were properly seized is a question of fact to be decided first in the district court.

Accordingly, the judgment of the district court is REVERSED and the case is REMANDED for proceedings consistent with this opinion.

**5.** The statute provides:

§ 547. Duties

Except as otherwise provided by law, each United States Attorney within his district, shall—

(1) prosecute for all offenses against the United States;

(2) prosecute or defend, for the Government, all civil actions, suits or proceedings in which the United States is concerned;

(3) appear in behalf of the defendants in all civil actions, suits or proceedings pending in his district against collectors, or other officers of the revenue or customs for any act done by them or for the recovery of any money exacted by or paid to these officers, and by them paid into the Treasury;

(4) institute and prosecute proceedings for the collection of fines, penalties, and forfeitures incurred for violation of any revenue law, unless satisfied on investigation that justice does not require the proceedings; and

(5) make such reports as the Attorney General may direct.

**6.** See Appendix attached hereto.

APPENDIX

DEPARTMENT OF JUSTICE

WASHINGTON 25, D.C.

October 18, 1945.

CIRCULAR No. 3931

TO ALL UNITED STATES ATTORNEYS:

Re: Authorization of suits for violations of internal revenue liquor laws.

Section 3740 of the Internal Revenue Code (26 U.S.C.) provides:

No suit for the recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Commissioner authorizes or sanctions the proceedings and the Attorney General directs that the suit be commenced.

In an appeal to the Circuit Court of Appeals for the Seventh Circuit in the case of *United States v. One 1941 Cadillac Sedan (Valenti v. United States)*, 145 F.2d 296, involving a libel to enforce the forfeiture of an automobile for conveying untax-paid liquor, the issue was raised that the suit had not been authorized in conformity with the above section. The appellant had not raised the issue in the trial court. The appellate court in affirming the forfeiture held that in the absence of the issue being specifically raised in the trial court it would be presumed that the action of the United States Attorney in bringing the suit was authorized; that it would be contrary to the language of Section 5 of Executive Order 6166 (5 U.S.C. 124–132) and also to its practical application to deny to the United States Attorney authority to institute such proceedings. It is doubtful, however, whether the decision can be considered as authority for the proposition that no prior authorization is required for the commencement of such suits.

In order to clarify and stabilize the situation so far as the duty imposed on the Commissioner of Internal Revenue by Section 3740 with respect to *internal revenue liquor cases* is concerned, the Treasury Department has recently amended its regulations so as to impose on the Alcohol Tax Unit the duty of authorizing the prosecution of suits in such cases. The Deputy Commissioner in charge of the Alcohol Tax Unit has in turn authorized the District Supervisors, Acting District Supervisors and Investigators in Charge of that Unit to act for him in the authorization of such suits. See Treasury Decision 5449, approved March 29, 1945 (10 Fed.Reg. No. 66, April 3, 1945, p. 3561); Alcohol Tax Circular 814, dated May 8, 1945.

To correlate this authorization by the Treasury Department with the duty of the Attorney General to direct commencement of such suits, and to avoid any question being raised in the future as to whether the Attorney General has authorized the institution of a particular suit, United States Attorneys are hereby authorized and directed to commence suits in all cases involving violations of the internal revenue liquor laws referred to them by the Alcohol Tax Unit for prosecution, except suits for the recovery of taxes and tax penalties, that is taxes and penalties assessed or assessable by the Commissioner of Internal Revenue for a violation of such laws. In other words, this authorization and direction is limited to suits for the recovery of fines and criminal penalties and for the enforcement of civil forfeitures incurred for a violation of the internal revenue liquor laws, and does not apply to suits for the recovery of taxes and tax penalties arising under the above laws.

If the United States Attorneys have doubt as to the advisability of commencing suit in any particular case referred to them by the Alcohol Tax Unit, they should communicate with this Department.

TOM C. CLARK

Attorney General