884 F.2d 581
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
George KELLEY, Defendant-Appellant,
Kelley Enterprises, Inc., Third Party Shareholders, Janie
Fagin, Margaret Johnson, Michael Burton, Genise
Kelley, Erica Kelley, Grace Kelley, and
Kellandra Kelley,
Petitioners-Appellants.
 No. 88-2103.
 United States Court of Appeals, Sixth Circuit.
 Aug. 28, 1989.
 
 Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges, and JULIA S. GIBBONS,* District Judge.
 PER CURIAM.
 
 
 1
 Third-party petitioners Janie Fagin, Margaret Johnson, Michael Burton, Genise Kelley, Erica Kelley, Grace Kelley and Kellandra Kelley appeal the district court's order denying their petition claiming a legal interest in property forfeited to the government as part of criminal proceedings. We affirm the decision of the district court.
 
 
 2
 The Fill Building, a piece of real property located at 2310 Cass in Detroit, Michigan, was purchased by George Kelley in February 1984 in his own name. In December 1984, federal agents, pursuant to a federal search warrant, searched the Fill Building and seized evidence relating to the importation of heroin. George Kelley and his son, who is one of the petitioners, were present during the search of the premises. On March 1, 1985, the Fill Building was transferred by quitclaim deed to Kelley Enterprises, Inc., a Michigan corporation, the shareholders of which are the petitioners in this case. The shareholders/petitioners are all relatives of George Kelley, the founder and president of Kelley Enterprises. The recited consideration for the transfer of the Fill Building to Kelley Enterprises was $1.00 plus shares of stock in Kelley Enterprises.
 
 
 3
 In May 1986, an indictment was returned against George Kelley and several other individuals. One count of the indictment sought forfeiture of the Fill Building, pursuant to 21 U.S.C. Sec. 853, alleging that the building had been used, during December of 1984, as headquarters to facilitate the importation and distribution of controlled substances. In November 1986, a jury found Kelley guilty of all the pertinent counts in the indictment. The Fill Building was subsequently forfeited to the government. The petitioners then filed a timely third-party petition claiming a legal interest in the forfeited property. The petition was referred to a magistrate for a report and recommendation. The magistrate's report of August 31, 1988 denied the petitioners' claim. The petitioners failed to file objections to the magistrate's recommendation within the required ten day period, 28 U.S.C. Sec. 636(b)(1)(C), and the district judge accordingly adopted the magistrate's report. The petitioners now appeal to this court.
 
 
 4
 Under 21 U.S.C. Sec. 853, the property of any person convicted of a federal felony where such property was used to commit, or to facilitate the commission of, a controlled substance violation may be forfeited. The statute specifically states that all right, title and interest in such property vests in the United States immediately upon the commission of the act giving rise to the forfeiture and that any subsequent transfer of the property may be voidable. 21 U.S.C. Sec. 853(c). In the instant case, the transfer of the Fill Building from defendant Kelley to Kelley Enterprises took place in March 1985, thirteen months after Kelley had acquired the building and three months after Kelley's commission of the illegal acts giving rise to the forfeiture. Because the transfer of the building occurred after the commission of these illegal acts, the transfer is voidable under the statute and title will be vested in the United States unless petitioners on appeal can establish by a preponderance of the evidence that: (1) they have a superior right, title or interest in the building, or (2) they are bona fide purchasers for value and, at the time of the purchase of the building, had no cause to believe that the building was subject to forfeiture. 21 U.S.C. Sec. 853(n)(6)(A) and (B).
 
 
 5
 The district court's findings that the petitioners lacked superior right, title or interest in the Fill Building and that the petitioners were not bona fide purchasers for value must be affirmed by this court on appeal unless these findings are clearly erroneous. As stated in United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948), a finding is clearly erroneous only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Following our review of the record, we cannot conclude that the district court's findings are clearly erroneous.
 
 
 6
 The petitioners claim that they have superior right, title or interest in the Fill Building under Section 853(n)(6)(A) because George Kelley purchased the building in February 1984 for Kelley Enterprises and the building therefore de facto belonged to Kelley Enterprises or was held in a "constructive trust" for the benefit of Kelley Enterprises and its shareholders at the time of the commission of the acts giving rise to the forfeiture. The district court, however, found "no evidence" to support this theory, and our examination of the record does not reveal the district court's conclusion to be clearly erroneous. No documentation indicates that the purchase of the Fill Building was made by Kelley Enterprises rather than by George Kelley individually. Indeed, the evidence clearly suggests that Kelley purchased the building for himself, as the deed was in his name and he personally conducted the negotiations to arrange the sale. Moreover, the long period of time between the purchase of the building in February 1984 and the transfer of the building to Kelley Enterprises in March 1985 indicates that Kelley in fact purchased the building for himself and that the building was owned by Kelley personally in December 1984, when the acts giving rise to the forfeiture were committed. We therefore conclude that the district court's finding that petitioners did not have a superior right, title or interest in the Fill Building is not clearly erroneous.
 
 
 7
 Alternatively, the petitioners assert that they should prevail because they are bona fide purchasers for value who had no reason to believe that the Fill Building was subject to forfeiture. The district court found that the petitioners were not bona fide purchasers for value under Section 853(n)(6)(B), and we do not believe this finding to be clearly erroneous. Even assuming that the petitioners have standing to raise the bona purchaser claim,[1] the record supports the district court's conclusion that the petitioners are not bona fide purchasers for value. The purchase of the Fill Building by Kelley Enterprises does not appear to be a bona fide transaction for value. The shareholders of Kelley Enterprises, who are all relatives of George Kelley, tendered no cash in the transaction; in fact, no cash, but only stock in Kelley Enterprises that had been issued on the day of the transfer of the building, was ever exchanged in the transaction. We agree with the district court that such a transaction is not the arms' length, bona fide purchase for value contemplated by Section 853(n)(6)(B). See United States v. Reckmeyer, 836 F.2d 200, 208 (4th Cir.1987). Furthermore, the petitioners fail to satisfy the requirement of Section 853(n)(6)(B) that they be reasonably without notice that the purchased property was subject to forfeiture. George Kelley and one of his sons, who are both shareholders in Kelley Enterprises, were present in December 1984 when the Fill Building was searched by federal agents. Thus, both Kelley and his son were reasonably on notice that the building was subject to forfeiture. For these reasons, we conclude that the district court's finding that the petitioners were not bona fide purchasers of the Fill Building is not clearly erroneous. We therefore affirm on the merits the district court's decision to deny the petitioners' claim of a legal interest in the Fill Building.
 
 
 8
 Even if we concluded that the district court had erred in its consideration of the merits of the petitioners' claim, the petitioners may have waived their right to appeal to this court by failing to file objections to the magistrate's report with the district court. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981), in which this court held that a party seeking review must file objections to a magistrate's report with the district court or else waive the right to appeal. The petitioners admit that they failed to file objections within the required ten-day period, but they advance several reasons to excuse their failure; specifically, the petitioners contend they were denied their right to procedural due process and their right to effective assistance of counsel as a result of the alleged nonfeasance of their retained counsel. We are not persuaded that the petitioners have advanced sufficient reasons to excuse their failure to file objections within the ten-day period. The petitioners' claim that they were denied due process because of certain failures by their retained counsel is not convincing, as the due process clauses of the fifth and fourteenth amendments apply only to actions of the federal and state governments, not to the actions or failures of the petitioners' own counsel. In addition, the petitioners' claim that they were denied effective assistance of counsel is not persuasive, as civil litigants have no constitutional or statutory right to effective assistance of counsel. See Merritt v. Faulkner, 697 F.2d 761, 763 (7th Cir.1983). Because the petitioners in this case were subjected only to the civil forfeiture rules of 21 U.S.C. Sec. 853 and not to any criminal penalty, the sixth amendment right of an accused in a criminal case to have effective assistance of counsel is not applicable. See, e.g., Powell v. Alabama, 287 U.S. 45 (1932); Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 9
 Given the unpersuasiveness of the petitioners' stated reasons for failing to file timely objections, the petitioners' failure to object to the magistrate's report should not be excused; thus, under Walters, the petitioners did waive their right to appeal the forfeiture of the Fill Building to this court.
 
 
 10
 Based on the foregoing reasons, the decision of the district court denying the petitioners' claim of a legal interest in property forfeited to the government is affirmed.
 
 
 11
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Julia S. Gibbons, United States District Judge for the Western District of Tennessee, sitting by designation
 
 
 [1]
 As the district court noted, it is doubtful that petitioners have standing to raise this claim because they sued in their own names, rather than in the name of Kelley Enterprises, which is the record owner of the Fill Building. See M.C.L.A. Section 450.1491