916 F.2d 712
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alfred JOHNSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-1995.
 United States Court of Appeals, Sixth Circuit.
 Oct. 12, 1990.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges; and HIGGINS, District Judge.*
 ORDER
 Alfred Johnson is a pro se federal prisoner who appeals the denial of a motion to vacate his sentence that he had filed under Fed.R.Crim.P. 35. His case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 In his motion, Johnson alleged that a criminal complaint against him had been dismissed approximately nine months prior to the indictment which led to his present conviction. Johnson alleged that he was prejudiced by this "delay" because it prevented him from producing a key witness at his trial. A magistrate construed Johnson's motion under 28 U.S.C. Sec. 2255 and recommended that the motion be denied. The district court noted its agreement with the magistrate, and on August 14, 1989, the court entered a judgment dismissing Johnson's motion. It is from this judgment that Johnson now appeals.
 In his brief on appeal, Johnson again argues that he was unable to prepare an effective defense because his key witness absconded before the indictment was returned. Johnson's other arguments were not presented to the district court, and they will not be considered for the first time on appeal. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987). Moreover, Johnson has waived his right to appeal under United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981).
 Our ruling in Walters requires the parties to preserve their right to appeal by filing timely objections to a magistrate's report and recommendation. However, the application of Walters is complicated by Johnson's assertion that the did file objections to the magistrate's report. This assertion was arguably raised in a letter that Johnson sent to the district court on August 13, 1989. Johnson refers to the district court's judgment in this letter and states that he placed a "rebuttal" in the prison's legal mail box. Johnson may have intended this rebuttal to serve as his objections to the magistrate's report. However, there is no indication in the record that the rebuttal was ever received by the district court. Moreover, the appellee's brief indicates that neither Johnson's letter nor his alleged rebuttal were ever served on the United States. Thus, the applicability of Walters turns on Johnson's unsupported assertion that objections were filed. Cf. Kent v. Johnson, 821 F.2d 1220 (6th Cir.1987).
 In Kent, this court considered an appeal even though the appellant had not filed timely objections to a magistrate's report. The court based its ruling in part on the appellant's uncontested affidavit which indicated that he had not received the report within the three days that are presumed to be sufficient for service by mail under Fed.R.Civ.P. 6(e). However, the court clearly limited its holding:
 While, under the federal rules, receipt is presumed three days after mailing, the unrefuted allegation of delayed receipt should be considered in weighing the "interests of justice." We wish to stress, however, that we do not recognize the mere allegation of delayed receipt as a formal exception to Walters for fear that the exception will swallow the rule. The interests of justice must be weighed on a case by case basis.
 
 
 1
 Id. at 1223. In the instant case, there is no evidence to corroborate Johnson's assertion that his objections were delivered to prison authorities for forwarding to the district court. In particular, it is noted that Johnson did not file a copy of the purported rebuttal with any of his subsequent pleadings.
 
 
 2
 It may be presumed that pleadings have been filed when they are presented to prison authorities for delivery to the courts. Houston v. Lack, 487 U.S. 266, 276 (1988). However, the holding in Houston was largely based on the reasoning that follows:
 
 
 3
 The pro se prisoner does not anonymously drop his notice of appeal in a public mailbox--he hands it over to prison authorities who have well-developed procedures for recording the date and time at which they receive papers for mailing and who can readily dispute a prisoner's assertions that he delivered the paper on a different date. Because reference to prison mail logs will generally be a straightforward inquiry, making filing turn on the date the pro se prisoner delivers the notice to prison authorities for mailing is a bright-line rule, not an uncertain one.
 
 
 4
 Id. at 275. In the instant case, Johnson has not supported his assertion with copies of the prison's mail log, even though this evidence could have been submitted to the district court in a post-judgment motion. Cf. Fed.R.Civ.P. 59 or 60.
 
 
 5
 Johnson has waived his right to appeal under Walters because the record indicates that he did not file any objections to the magistrate's adverse report and recommendation in the district court. It would not be in the interests of justice to create an exception to Walters because Johnson's argument that objections were filed is wholly unsubstantiated and because he has not effectively presented that argument to the district court, even though he has had ample opportunity to do so.
 
 
 6
 Accordingly, it is hereby ORDERED that Johnson's request for counsel is denied and that the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Higgins, U.S. District Judge for the Middle District of Tennessee, sitting by designation