930 F.2d 24
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eunice JUSTICE, Plaintiff-Appellant,
v.
UNITED STATES of America, Edwin Meese III, Attorney General,
Ronald Reagan, President, George Bush, Vice President,
Charles Fried, Solicitor General, John D. Holschuh, Judge,
Joseph P. Kinneary, Judge, James Graham, Judge, City of
Columbus, Ronald J. O'Brien, City Attorney, Gregory S.
Lashutka, Assistant City Attorney, Lisa L. Sadler, Assistant
City Attorney, Defendants-Appellees.
 No. 90-3642.
 United States Court of Appeals, Sixth Circuit.
 April 9, 1991.
 
 Before BOYCE F. MARTIN, JR. and RALPH B. GUY, JR., Circuit Judges and PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Eunice Justice, a pro se Ohio resident, appeals the district court's dismissal of her civil rights complaint filed pursuant to 42 U.S.C. Secs. 1983, 1985, and 1986, and 28 U.S.C. Sec. 1343. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Justice sued multiple federal and state officials, including the United States and the city of Columbus, Ohio, alleging that they conspired to deny her equal protection and due process of law during the course of two lawsuits that she had filed in 1981. Specifically, Justice alleged that pursuant to a conspiracy, certain officials filed false affidavits in the earlier proceedings which led the court to erroneously enter summary judgment against her.
 
 
 3
 The magistrate initially recommended that the federal defendants be dismissed, finding that the federal judges were absolutely immune from suit, and that the other federal defendants should be dismissed on either sovereign immunity grounds or due to Justice's failure to effect proper service of process on them. Justice did not file objections to the magistrate's report. The district court adopted the magistrate's recommendation after noting that objections had not been filed. Thereafter, plaintiff filed a notice of appeal. This court dismissed the appeal for lack of jurisdiction finding that the district court's partial dismissal was not a final and appealable order because there had been no Fed.R.Civ.P. 54(b) certification.
 
 
 4
 Thereafter, the remaining defendants filed a motion for summary judgment and Justice filed a response. The magistrate issued her second report recommending that defendants' motion be granted, finding that Justice failed to set forth a claim under Sec. 1985 because she had not alleged that she was victimized because of her membership in a distinct class. The magistrate also found that Justice could not maintain an action under Sec. 1986 because she failed to set forth a claim under Sec. 1985. Finally, the magistrate found that Justice was not denied her procedural due process rights because she was afforded the full panoply of procedures given every civil litigant under Fed.R.Civ.P. 56 prior to the court granting summary judgment in the 1981 cases. The district court adopted the magistrate's recommendation over Justice's objections. On appeal, Justice reasserts her claims and requests the appointment of counsel.
 
 
 5
 Initially, we note that Justice has waived appellate review of her claims against the federal defendants because she did not file objections to the magistrate's report that recommended that the federal defendants be dismissed from the suit. See United States v. Walters, 638 F.2d 947, 950 (6th Cir.1981). Upon review, we affirm the district court's dismissal of the remaining defendants for the reasons stated in the magistrate's report dated May 11, 1990 as adopted by the district court in its order filed June 8, 1990.
 
 
 6
 Accordingly, the request for counsel is denied and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.