932 F.2d 967
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Maurice ERBY, Plaintiff-Appellant,
v.
Scott NOBLES, K. Jeffries, Sergeant, Defendants-Appellees.
 No. 90-1802.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1991.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Maurice Erby, a pro se Michigan prisoner, appeals the district court's judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory and monetary relief, Erby sued two officers of the Huron Valley Men's Correctional Facility for allegedly violating his constitutional right to due process. He did not specify in what capacity he was suing these officers. Erby alleged that defendant Jeffries filed a false misconduct report on him and that defendant Nobles, acting as the investigative officer, knowingly invented a statement he attributed to Jeffries and presented the false report to the hearing officer. The hearing officer relied on that false statement to find Erby guilty of misconduct, for which he was sentenced to thirty days loss of privileges.
 
 
 3
 After the defendants filed a motion to dismiss under Fed.R.Civ.P. 12(b), Erby sought to amend his complaint to increase the amount of damages requested and to plead individual as well as official capacity. The magistrate filed a report on May 24, 1990, in which he recommended denying Erby's motion to amend and granting the defendants' motion to dismiss. He concluded that Erby had received all the process due him by the U.S. Constitution and, in addition, had not met his burden of pleading and proving the inadequacy of state remedies. The district court denied Erby's request for an extension of time in which to file objections and adopted the magistrate's report and recommendation in an order and judgment filed on June 15, 1990 and entered on June 18, 1990.
 
 
 4
 On appeal, Erby continues to argue the merits of his claim. He further argues that the district court abused its discretion by denying his motion for an extension of time to file objections and dismissing his complaint without ruling on his motion to file an amended complaint. He has filed a motion for the appointment of counsel.
 
 
 5
 Upon consideration, we affirm the district court's judgment because Erby has waived his right to appeal by failing to file timely objections to the magistrate's report and recommendations. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). Fed.R.Civ.P. 6(b) gives a district court discretion to enlarge the time for which an act is required to be done "for cause shown ... if request therefor is made before the expiration of the period originally prescribed...." (Emphasis added.) Erby's motion, which requested an additional seventy-five days in which to file his objections, did not even attempt to show cause for such a lengthy extension. Therefore, the district court did not abuse its discretion in denying Erby's motion for an extension of time.
 
 
 6
 We also note that the district court adopted the magistrate's recommendation to deny Erby's motion to amend his complaint and so Erby is incorrect in his belief that the complaint was dismissed while that motion was still pending.
 
 
 7
 Accordingly, the motion for the appointment of counsel is denied and the district court's judgment, entered June 18, 1990, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.