941 F.2d 1210
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James M. JOURDAN, Jr., Plaintiff-Appellant,
v.
Robert E. LECUREUX, Thomas Doty, Roger Dobbs, Defendants-Appellees.
 No. 91-1197.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1991.
 
 1
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges, and JARVIS, District Judge.*
 
 ORDER
 
 2
 James M. Jourdan, Jr., is a pro se Michigan prisoner who appeals a summary judgment for the defendants in a civil rights case that he had brought under 42 U.S.C. § 1983. His appeal has been referred to a panel of the court under Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Jourdan alleged that the defendants violated his constitutional rights by confiscating a publication called the Criminal Law Newsletter, which was sent to him by another inmate named Chall. Jourdan had entered into an inmate representation agreement with Chall, whereby Jourdan was assisting Chall with a case that he had brought in state court. Cf. Mich.Admin.Code r. 791.6617. Jourdan's case was referred to a magistrate, who found that the confiscation of the newsletter was authorized by Michigan's "publishers only" rule. Cf. Mich.Admin.Code r. 791.6603(3). On January 9, 1991, the district court adopted the magistrate's report and entered summary judgment for the defendants. It is from this judgment that Jourdan now appeals. He has filed a motion for appointment of counsel on appeal.
 
 
 4
 Jourdan argues 1) that the district court failed to consider several of his claims; 2) that the defendants failed to follow correct administrative procedures in confiscating the newsletter; 3) that the defendants did not provide him with due process; 4) that there is a conflict in the Michigan prison regulations; 5) that the publishers only rule is unconstitutional; and 6) that the newsletter was confiscated in retaliation for Jourdan's representation of other inmates.
 
 
 5
 Appellate review of several of these arguments is limited by Jourdan's failure to raise them in his objections to the magistrate's report. A party waives his right to appeal if he does not file objections to a magistrate's report after being advised to do so. United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). Thus, Jourdan's first argument lacks merit because the district court was not required to consider arguments that were not raised in Jourdan's objections to the magistrate's report. Similarly, Jourdan has waived appellate review of his last argument because the issue of retaliation was not raised in his objections to the report.
 
 
 6
 A de novo review of the record indicates that Jourdan's remaining arguments are without merit. Jourdan does not have standing to raise a due process or first amendment claim on behalf of another inmate. Cf. Haskell v. Washington Township, 864 F.2d 1266, 1275-76 (6th Cir.1988). Jourdan himself was provided with a hearing that satisfied due process. See Hewitt v. Helms, 459 U.S. 460, 476 (1983). The publishers only rule does not explicitly contradict the regulation that allows inmates to assist one another in legal matters. Moreover, the publishers only rule is not unconstitutional. See Ward v. Washtenaw County Sheriff's Dep't, 881 F.2d 325, 329-30 (6th Cir.1989).
 
 
 7
 Accordingly, Jourdan's motion for appointment of counsel is denied and the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James H. Jarvis, U.S. District Judge for the Eastern District of Tennessee, sitting by designation