946 F.2d 895
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ocie REDDICK, Petitioner-Appellant,
v.
Norris W. McMACKIN, Supt., Respondent-Appellee.
 No. 91-3101.
 United States Court of Appeals, Sixth Circuit.
 Oct. 11, 1991.
 
 1
 Before RYAN, Circuit Judge, WELLFORD, Senior Circuit Judge, and HIGGINS, District Judge.*
 
 ORDER
 
 2
 Ocie Reddick, an Ohio prisoner who is represented by retained counsel, appeals the district court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Reddick was convicted by a jury of aggravated murder and attempted murder. He was sentenced to life imprisonment on the murder charge, a three year sentence on the firearm specification, with a consecutive 10-25 year sentence on the attempted murder charge. The conviction was affirmed by the Ohio Court of Appeals and the Ohio Supreme Court denied discretionary review.
 
 
 4
 Initially, Reddick filed this habeas petition pro se, alleging: 1) the trial court failed to strike the testimony of a witness where a prior statement by the witness had become lost; 2) the prosecutor improperly elicited testimony based upon the lost statement; 3) the trial court erred in not granting defense counsel's motion for a continuance based upon the lost statement; and 4) the trial court violated Davis v. Alaska, 415 U.S. 308 (1974), by improperly limiting defense counsel's cross-examination of the star prosecution witness concerning his prior juvenile delinquencies. The district court appointed counsel, who later filed a supplemental habeas brief. In a comprehensive report, the magistrate recommended the petition be denied, finding that Reddick was not entitled to relief on his first three claims because he did not show that the loss of the statement resulted from bad faith or deliberate misconduct on the part of the state or its agents. As to the fourth claim, the magistrate found that there was no merit to the Davis claim as the trial court had made correct evidentiary rulings, i.e., the court expressly allowed the defense to ask questions that would develop the witness's motives and possible bias. In his objections to the magistrate's report, Reddick only objected to the magistrate's findings regarding his Davis claim. The district court adopted the magistrate's recommendation, finding that the trial court's limitation of cross-examination did not deny Reddick fundamental fairness because the rulings were correct.
 
 
 5
 On appeal, Reddick has retained new counsel. He reasserts the Davis claim, and attempts to resurrect the claims regarding the lost statement and the denial of the motions for continuance.
 
 
 6
 Initially, we note that Reddick has waived appellate review of his first three claims by not addressing those claims in his objections to the magistrate's report. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981).
 
 
 7
 Upon review, we affirm the district court's judgment. The trial court did not abuse its discretion in limiting the cross-examination of Jones, the prosecution's star witness. The only restriction imposed on counsel was that he could not inquire into Jones's juvenile adjudications, or specific acts of misconduct concerning Jones eluding a police officer and pointing a gun at him. The court disallowed this line of questioning on the ground that it was not relevant to Reddick's defense that Jones actually shot the decedent. We conclude that the trial court made correct evidentiary rulings because the trial court granted defense counsel considerable leeway in questioning Jones about any bias or motive to lie. See Davis, 415 U.S. at 318. Reddick was also not denied fundamental fairness because the trial court permitted defense counsel to elicit sufficient information to apprise the jury of its defense theory that Jones was the one that actually shot Bacote. See Dorsey v. Parke, 872 F.2d 163, 167 (6th Cir.), cert. denied, 110 S.Ct. 103 (1989).
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Higgins, U.S. District Judge for the Middle District of Tennessee, sitting by designation