Frank McCORMICK, Plaintiff–Appellant,

v.

WESTERN KENTUCKY NAVIGATION INC., Defendant–Appellee.

No. 92–5913.

United States Court of Appeals, Sixth Circuit.

Submitted April 27, 1993.

Decided May 19, 1993.

Leonard C. Jaques and Donald A. Krispin (briefed), Jaques Admiralty Law Firm, Detroit, MI, for plaintiff-appellant.

W. Scott Miller, Jr. (briefed) and Stephanie R. Miller, Miller & Miller, Louisville, KY, for defendant-appellee.

Before: GUY and NELSON, Circuit Judges; and WELLFORD, Senior Circuit Judge.

PER CURIAM.

The single issue raised in this appeal is whether the reason given by the district court for its order of reference to a special master was sufficient, under Federal Rule of Civil Procedure 53(b), to warrant trial by the master over the plaintiff's objection.

I

The plaintiff brought this action to recover damages for personal injuries he allegedly suffered when a vessel on which he was working was rammed by a vessel owned by the defendant. Given the pleadings of the plaintiff, the case proceeded as one under general maritime law, to be tried without a jury. The defendant conceded responsibility for the collision; the only issues that remained to be decided were medical causation and damages. Pursuant to Federal Rule of Civil Procedure 53, the trial judge entered an order referring the case to a magistrate judge who was to act as special master in conducting the trial. The order stated: "[T]he court finds that an exceptional circumstance exists by reason of the increasing docket of this court, and the fact that 20% of the judge-power of the court has been removed by the existing vacancy, placing the court in an emergency situation[.]"

The plaintiff filed an objection to the order of reference, but the court did not immediately rule on the objection. Trial proceeded before the special master, who recommended that the complaint be dismissed because there was a lack of evidence of medical causation. The district court, noting that the plaintiff had not filed any objections to the master's report and recommendation, adopted the report and recommendation as the court's findings of fact and conclusions of law. The plaintiff has appealed the dismissal of his complaint, maintaining that the case should not have been tried before the special master in the face of the plaintiff's objection.

II

■ The defendant argues that the plaintiff may not appeal because he failed to file any objection to the report and recommendation. See *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). While it would doubtless have been prudent for the plaintiff to renew his objection to the order of reference, we know of no legal requirement that this be done. The plaintiff had clearly made known his objection to the referral procedure, and the court had not responded to the objection. It is important to understand that the plaintiff is objecting not to the findings of the special master as such, but to the underlying order which gave the special master the power to preside over the trial. In this context, in our view, the plaintiff's failure to file an objection to the report and recommendation does not bar the appeal.

■ Federal Rule of Civil Procedure 53(b) provides that "in actions to be tried without a jury, save in matters of account and of difficult computation of damages, a reference shall be made only upon a showing that some exceptional condition requires it." We note that the matter in question was not solely one of damages, a situation that might have warranted a reference under the exception to the general principle established in Rule 53(b), but the matter included a dispute as to the legal causation of the injuries plaintiff allegedly suffered. The issue we must decide, therefore, is whether the circumstances cited by the district judge were sufficiently "exceptional" to justify reference to a special master over a party's objection. A decision to refer a matter to a special master is reviewed under the abuse of discretion standard. *In re United States*, 816 F.2d 1083, 1086 (6th Cir.1987).

In *La Buy v. Howes Leather Co.*, 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957), the Supreme Court held that "congestion in itself is not such an exceptional circumstance as to warrant a reference to a master." *Id.* at 259, 77 S.Ct. at 315. The court went on to state that, "[i]f such were the test, present congestion would make references the rule rather than the exception." *Id.* While *La Buy* was decided prior to the enactment of the Federal Magistrates Act of 1968 and its 1976

amendments, the relevant language of Rule 53(b) has not changed since 1957. This circuit acknowledged the continued vitality of the *La Buy* holding in *In re United States*, 816 F.2d 1083 (6th Cir.1987).[1]

In *In re United States* the district court had issued an order of reference in a complex CERCLA action. The district court cited five reasons to support its conclusion that exceptional conditions existed: "(1) calendar congestion; (2) complexity of the issues; (3) possibility of a lengthy trial; (4) the extraordinary pretrial management required in a case with more than 250 parties; and (5) the public interest in the quickest feasible resolution of Superfund cases." *Id.* at 1088. The government then sought a writ of mandamus to compel the district court to vacate its order of reference. In granting the requested writ, this court held that the district court had abused its discretion in finding that the case manifested exceptional conditions justifying the reference to a special master. *Id.* at 1091.

 The "exceptional condition" requirement of Rule 53(b) must be closely observed, given that findings by a special master are reviewed by the district court under a clearly erroneous standard. Fed.R.Civ.P. 53(e)(2); see *In re United States*, 816 F.2d at 1087. We find that the district court's order of reference based solely on the increasing docket and shortage of "judge-power" was an abuse of discretion.

The decision of the district court dismissing plaintiff's complaint is **VACATED** and the case is **REMANDED** for further proceedings.

---

**1.** In *Prudential Ins. Co. v. United States Gypsum Co.*, 991 F.2d 1080, (3d Cir.1993), where a district court had appointed a law school dean to act as a special master rather than continuing to use the services of a magistrate judge functioning in a non-master capacity, the Court of Appeals for the Third Circuit not only invoked *La Buy* in disallowing the reference, but observed that the enactment of the Federal Magistrates Act made the reasoning and conclusions of *La Buy* "even more compelling in disfavoring the appointment of special masters." *Id.* at 1087.