28 F.3d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donial DAVIS, Defendant-Appellant.
 No. 93-5984.
 United States Court of Appeals, Sixth Circuit.
 July 12, 1994.
 
 Before: KEITH, and BATCHELDER, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendant appellant, Donial Davis, appeals his convictions for armed bank robbery, in violation of 18 U.S.C. Sec. 2113(d); using a firearm in relation to a crime of violence, in violation of 18 U.S.C. Sec. 924(c); and aiding and abetting, in violation of 18 U.S.C. Sec. 2. For the reasons that follow, we affirm Davis's convictions.
 
 I.
 
 2
 On the morning of March 15, 1990, Davis, along with his co-defendants Ricky Owens and Marvin Amerson, agreed to participate in a bank robbery. On that same day Owens, Amerson, and Davis stole a vehicle to use in the robbery. The defendants gathered clothing and two firearms, all of which were to be used in the robbery. It was agreed among the participants that the proceeds of this illicit venture would be divided three ways.
 
 
 3
 The defendants decided to use Amerson's personal car as the switch car and the stolen car to go to and from the bank. Amerson drove his car, followed by Davis, who drove Owens in the stolen car, to a warehouse located near the bank. Amerson left his car at the warehouse and Davis drove all three to the bank in the stolen car.
 
 
 4
 Davis, Amerson, and Owens entered the bank, the latter two with guns drawn. The banking personnel and customers were ordered to lie on the floor while Amerson climbed over the counter. Amerson took large sums of money, fired a shot into the ceiling, and all three then fled the scene in the stolen car.
 
 
 5
 A short distance from the bank, a dye pack that had been picked up with the stolen money exploded, filling the stolen car with smoke. The defendants abandoned the automobile leaving the money. Davis and Amerson separated from Owens and, near the site where they had abandoned the stolen car, they hijacked an Air Express van at gun point. Davis and Amerson drove the stolen van to the warehouse where Amerson's car was parked, abandoned the van and left the scene in Amerson's car.
 
 
 6
 On June 10, 1991, Davis was questioned by officers of the Memphis Police Department and gave a taped statement implicating himself, Amerson, and Owens in the March 15, 1990, robbery of the bank. Davis was indicted along with Amerson and Owens and filed a Motion to Suppress his statement. After a full hearing, a United States Magistrate Judge recommended that the motion be denied and the district court entered an order adopting that recommendation. The case went to trial and the jury returned a guilty verdict as to all counts.
 
 
 7
 Davis now challenges his convictions on four grounds: first, that the evidence was insufficient to sustain his conviction; second, that the trial judge erroneously denied his motion to suppress evidence; third, that the trial judge committed prejudicial error by refusing to allow an affidavit into evidence; finally, that the trial judge erred by allowing testimony which allegedly connected Davis to other crimes.
 
 II.
 
 8
 Davis's first assignment of error is that the trial judge incorrectly denied Davis's motion for acquittal because the evidence was insufficient to sustain his conviction. When reviewing the sufficiency of the evidence to support a conviction, an appellate court must view all of the evidence in the light most favorable to the government, giving full weight to all reasonable inferences to be drawn from the evidence. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Gibson, 675 F.2d 825, 829 (6th Cir.) cert. denied, 459 U.S. 972 (1982). The reviewing court can only reverse if, after viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Ellzey, 874 F.2d 324, 328 (6th Cir.1989). This standard remains the same whether the evidence is direct or circumstantial. United States v. Gallo, 763 F.2d 1504, 1518 (6th Cir.1985), cert. denied, 474 U.S. 1068 and 1069 and 475 U.S. 1017 (1986).
 
 
 9
 In the instant case, we have no difficulty finding that the evidence presented at trial was sufficient to allow a rational jury to convict Davis. There was testimony that Davis participated in stealing the car, helped gather weapons and clothes which were to be used in the robbery, drove the stolen car to the bank, entered the bank with his co-defendants, and fled with them after completing the robbery. Finally, Davis's own confession, introduced at trial, corroborated that testimony. Viewing the evidence in the light most favorable to the government there was more than an adequate basis for the jury to find Davis guilty of the charged offenses.
 
 
 10
 Davis next claims that it was error for the trial judge to allow into evidence a tape of his confession in which he admitted to participating in the robbery of the bank. Prior to trial, Davis filed a motion to suppress his confession, on the basis that his statements "were involuntary and the result of coercion." A United States Magistrate Judge held a full hearing and issued his Report and Recommendation ("R & R"), recommending that the motion be denied. Davis filed no objections to the magistrate's findings. The district court adopted that recommendation.
 
 
 11
 As a general rule, failure to file objections to a magistrate's proposed findings acts as a waiver of the right to appeal these findings. United States v. Walters, 638 F.2d 947, 949 (6th Cir.1981). However, in limited circumstances an appellate court may consider an appeal from a magistrate's findings which was not timely filed. Kent v. Johnson, 821 F.2d 1220 (6th Cir.1987). In Kent, this Court found that the pro se plaintiff did not receive the Magistrate's Report and Recommendation until ten days after it was filed, that the district court had entered judgment before the running of the statutory period, and that despite these other obstacles the plaintiff was still able to file his objections only one day late. Id. 1223. As a result, this Court held, "[u]nder the particular circumstances of this case, we opt to exercise the court's jurisdiction and entertain the appeal." Id.
 
 
 12
 There is no suggestion in this case that the Magistrate's R & R was not received in a timely fashion, or that the district court entered a premature judgment. There is also no indication that Davis was somehow unaware of the time limit within which to file objections. In fact, the Magistrate's R & R, citing Walters, supra, stated on its face that failure to file objections within 10 days "may be treated as a waiver of the right to appeal the District Court's order hereon." Davis offers us no explanation whatsoever as to why objections to the Magistrate's R & R were not filed; as a result, his right to challenge the district court's order adopting the R & R is waived.
 
 
 13
 Davis next contends that it was error for the district court to deny into evidence the affidavit of Davis's co-defendant Ricky Owens for purposes of impeaching Owens's credibility.
 
 
 14
 Ricky Owens testified at trial that he was present at the time Davis gave his confession. Ricky Owens further admitted on cross-examination that he had signed an affidavit, prepared by Davis, wherein Owens stated that he was not with Davis at the time Davis gave his confession. At trial, Owens readily admitted that a portion of the affidavit he signed for Davis was false. Owens further testified that he was with Davis at the time Davis gave his confession. Davis's counsel moved to admit into evidence the affidavit of Ricky Owens. The United States objected on the grounds that Owens admitted he lied in the affidavit, and that the affidavit itself was not relevant. The district court sustained the government's objection.
 
 
 15
 Federal Rule of Evidence 613(b) allows extrinsic evidence of a prior or inconsistent statement by a witness once the witness has been given the opportunity to explain or deny the statement. In this case, however, the witness admitted that he lied in his prior statement. Since the passage of the Federal Rules of Evidence, this Court has never directly faced the issue of the admissibility of extrinsic evidence for purposes of impeachment in a situation where the witness admits that he made the prior inconsistent statement.
 
 
 16
 Fortunately, our sister circuits have dealt with this issue and provide guidance in this area. In United States v. Devine, 934 F.2d 1325, 1344 (5th Cir.), cert. denied, 112 S.Ct. 349 and 911 and 952 and 954 and 1197 and 1164 (1991), the Fifth Circuit held: "It is well-settled that evidence of a prior inconsistent statement is admissible to impeach a witness. Proof of such a statement may be elicited by extrinsic evidence only if the witness on cross-examination denies having made the statement." Other circuits have arrived at the same conclusion. See Bankatlantic v. Blythe Eastman Paine Webber, Inc., 955 F.2d 1467, 1476 (11th Cir.1992) ("When a witness admits making a prior inconsistent statement, extrinsic proof of the statement is excludable."), cert. denied, 113 S.Ct. 966 (1993); United States v. Soundingsides, 820 F.2d 1232, 1241 (10th Cir.1987) ("If a witness admits making prior inconsistent statements, 'there is no necessity for further proof, as by the admission of the prior inconsistent written statement.' "); but see United States v. Lashmett, 965 F.2d 179, 182-83 (7th Cir.1992) (holding that extrinsic evidence of a prior inconsistent statement is admissible; but, refusal to admit such evidence was harmless error). As a result, the district court's refusal to admit the Owens' affidavit under Rule 613 was harmless, if error, as the substance of the inconsistent statement was before the jury and admission of the affidavit itself would have been cumulative.
 
 
 17
 Davis's final allegation of error is that evidence linking Davis to other crimes was improperly admitted during his trial. The so-called "other crimes" that Davis refers to appear to be the theft of the car to be used as the getaway car, and the later hijacking of the Air Express van to flee the scene of the crime. Davis points out that no objection to the introduction of this evidence was made at trial; therefore, we will review this claim for plain error only.
 
 
 18
 The two acts which Davis complains were improperly put before the jury are directly related to the robbery on March 15, 1990. This Court has consistently held that other acts, which are themselves part of the "setting" of a case, are admissible. United States v. Roberts, 548 F.2d 665, 667 (6th Cir.), cert. denied, 431 U.S. 920 and 931 and 433 U.S. 913 (1977); see also United States v. Hajal, 555 F.2d 558, 568 (6th Cir.) ("Sometimes ... the facts complained about as prejudicial are so much a part of the res gestae of a crime as to be impossible to avoid."), cert. denied, 434 U.S. 849 (1977). In this case, the jury had a right to know all of the facts surrounding the commission of this crime; "the time, place and circumstances of the acts which form[ed] the basis of the charge." Roberts, 548 F.2d at 667.
 
 III.
 
 19
 For the foregoing reasons, Donial Davis's convictions are hereby AFFIRMED.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation