59 F.3d 170
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Teri Ann MEITINGER, Plaintiff-Appellant,
v.
FEDERAL BUREAU OF PRISONS; Margaret C. Hambrick, Warden,
Federal Prison at Lexington, Kentucky; Thomas Gora, Health
Services Administrator, Federal Prison at Lexington,
Kentucky; Dr. Jay Krassner, Staff Physician, Federal Prison,
Lexington, Kentucky; Dr. Robert Davis, Staff Surgeon,
Federal Prison, Lexington, Kentucky; DR. Thomas F. Coats,
Contract Plastic Surgeon, Federal Prison, Lexington,
Kentucky; Joint Committee on Accreditation of Hospitals;
John DOE(S), 1 through 100; Jane Doe(s), 1 through 100;
United States of America, Defendants-Appellees.
 No. 94-6494.
 United States Court of Appeals, Sixth Circuit.
 June 23, 1995.
 
 1
 Before: MARTIN and SILER, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Teri Ann Meitinger, a pro se federal prisoner, moves for the appointment of counsel on appeal from a district court judgment dismissing her civil rights action filed pursuant to the authority enunciated in Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 390-97 (1971), and the Federal Tort Claims Act, 28 U.S.C. Secs. 2671-80. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Meitinger filed her complaint in the district court alleging that she received inadequate treatment for her serious medical needs related to a sex change operation plaintiff underwent before her incarceration. Plaintiff named the defendant federal prison officials in their individual and official capacities and sought compensatory and punitive damages. After plaintiff failed to comply with a magistrate judge's order to file a pretrial brief following the close of discovery, defendants moved the court to impose sanctions against plaintiff. Plaintiff then moved for a stay of the proceedings to provide an opportunity to obtain counsel, and defendant responded in opposition. The magistrate judge denied both defendant's motion for sanctions and plaintiff's motion for a stay and directed plaintiff to file a pretrial brief within ten days or face dismissal of the action for lack of prosecution.
 
 
 4
 Plaintiff filed an objection to the magistrate judge's order which the district court overruled. Next, the magistrate judge entered an order in which he noted that a recommendation for dismissal for failure to prosecute would be appropriate, but giving plaintiff a final opportunity to file a pretrial brief within ten days. Plaintiff took an appeal from the magistrate judge's order which this court dismissed for lack of jurisdiction. Meitinger v. United States Dep't of Justice, No. 94-6070 (6th Cir. Oct. 14, 1994) (unpublished order). Plaintiff also filed an objection to the magistrate judge's order which the district court again overruled. Finally, the magistrate judge recommended that the action be dismissed for lack of prosecution based upon plaintiff's continued failure to file a pretrial brief. After plaintiff failed to file objections, the district court adopted the magistrate judge's recommendation, dismissed the case, and denied plaintiff leave to appeal in forma pauperis. Thereafter, the district court denied plaintiff's motion for reconsideration, and plaintiff has paid the filing fee on appeal.
 
 
 5
 Upon consideration, the motion for counsel is denied and the judgment of the district court is affirmed. Generally, a party who fails to file objections to a magistrate judge's report and recommendation after being notified to do so waives her right to appeal. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). However, this waiver rule is not jurisdictional and the failure to file objections may be excused in the interests of justice. See Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir. 1987). Here, a careful review of the record reflects that plaintiff's failure to object to the magistrate judge's report and recommendation need not be excused in the interests of justice. Moreover, the district court did not abuse its discretion in refusing to stay the proceedings so that plaintiff could make further efforts to obtain counsel under the circumstances of this case.
 
 
 6
 Accordingly, the motion for counsel is denied and the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U. S. District Judge for the Eastern District of Michigan, sitting by designation