977 F.2d 581
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Henry JOHNSON, Jr., Petitioner-Appellant,
v.
H. Gary WELLS, Warden, Respondent-Appellee.
 No. 92-1281.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1992.
 
 Before NATHANIEL R. JONES and SILER, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Henry Johnson, Jr., a pro se Michigan prisoner, appeals a district court order denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Johnson of second degree murder for which he received a sentence of forty to sixty years. In his appeals to the state courts of Michigan, Johnson raised a multitude of issues. His conviction was affirmed by both the Michigan Court of Appeals and the Michigan Supreme Court. He then filed a petition for a writ of habeas corpus. However, the petition was subsequently dismissed at Johnson's request.
 
 
 3
 Johnson then moved for post-conviction relief with the Michigan trial court. His motion, however, was denied. His subsequent appeals to the Michigan appellate courts were also denied. Johnson then filed his second petition for a writ of habeas corpus raising seven grounds for relief. The case was referred to a magistrate judge who recommended that the petition be dismissed. The report and recommendation ended with an unequivocal warning that the result of a failure to object would be waiver of further review. In its judgment, the district court noted that Johnson had not objected to the magistrate judge's report.
 
 
 4
 In his timely appeal, Johnson states that he does not understand the law and has no idea whether the district court correctly decided his case. An "Amicus Curiae(s)" affidavit, filed by two unidentified individuals, is incorporated by reference into Johnson's brief. The affidavit alleges that there was insufficient evidence to support Johnson's conviction and that Johnson was denied due process for several reasons. Johnson requests the appointment of counsel.
 
 
 5
 Because Johnson did not file timely objections to the magistrate judge's report after being advised to do so and has failed to explain this omission, Johnson has waived his right to appeal the issues contained in his petition. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). Furthermore, this case does not present exceptional circumstances otherwise warranting review "in the interest of justice." Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir.1987). Accordingly, we deny Johnson's request for the appointment of counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.