991 F.2d 795
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Johnny Art HUMPHREYS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-6149.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1993.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1990, Johnny Art Humphreys was convicted after a jury trial of eight cocaine related counts (21 U.S.C. §§ 841(a)(1), 846, 856(a)(1)), and sentenced to a sixty-three month term of imprisonment. He did not take a direct appeal from this conviction. Humphreys subsequently filed a motion to vacate sentence under 28 U.S.C. § 2255. The matter was referred to a magistrate judge who recommended that the motion be denied. Humphreys filed objections and the magistrate was directed to reexamine his findings in light of the objections. The magistrate adhered to his original conclusion and Humphreys did not file further objections. The district court, noting that no objections had been filed, adopted the recommendation to deny the motion. This appeal followed. The parties have briefed the issues; Humphreys is proceeding without benefit of counsel. In addition, Humphreys requests the appointment of appellate counsel.
 
 
 3
 Initially, we note that Humphreys has not waived his request to appeal by not filing objections to the second magistrate's report, as this report had not advised Humphreys to file further objections and of the possible waiver for failure to do so. See United States v. Walters, 638 F.2d 947, 950 (6th Cir.1981).
 
 
 4
 Upon consideration, we find the appeal to be meritless. Humphreys articulated three grounds for relief in his motion to vacate: 1) an improper two level increase in his guideline sentence for obstruction of justice; 2) an improper two level increase for use or possession of a firearm in the underlying crime; and, 3) the decision to prosecute him in federal court instead of state court was made in violation of his due process rights. All three of these grounds could have been raised on direct appeal. Humphreys did not take a direct appeal from his conviction and does not offer any explanation for his failure to do so other than a short statement in his reply brief.
 
 
 5
 A motion to vacate sentence under § 2255 may not do service for a direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982). To obtain collateral relief in this circumstance, Humphreys must demonstrate cause for his procedural default on appeal and actual prejudice resulting from the trial errors of which he complains. Id. at 167-68.
 
 
 6
 Humphreys has not made the required showing of cause and prejudice. The only mention of cause is found in Humphrey's reply brief in which he stated in a conclusory fashion that he wanted to appeal but his appointed attorney did not do so. This unsubstantiated allegation, coupled with the absence of demonstrable prejudice, does not satisfy the Frady standard. The appeal lacks merit.
 
 
 7
 Accordingly, the motion for appellate counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.