37 F.3d 1498
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Simon BROWN-EL, JR., Plaintiff-Appellant,
v.
Steven MACKILLOP; William Gordon, Officer; Mark Machulis,
Sgt., Defendants-Appellees.
 No. 93-2525.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1994.
 
 Before: KEITH, NELSON and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Simon Brown-El, Jr., a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Brown-El sued multiple Michigan prison personnel in their individual and official capacities. Brown-El alleged that his due process rights had been violated during three separate minor misconduct hearings conducted in May, July, and August of 1992.
 
 
 3
 Defendants filed a motion for summary judgment which Brown-El opposed. The case was referred to a magistrate judge who recommended granting summary judgment to the defendants. Although Brown-El was served with a copy of the magistrate judge's report, the report was returned as undeliverable. Noting that Brown-El had not filed timely objections to the magistrate judge's report, the district court adopted the report and dismissed the case. Brown-El then filed a timely motion to vacate the judgment pursuant to Fed.R.Civ.P. 59(e). Brown-El argued that he had not been served with the magistrate judge's report which made it impossible for him to file timely objections. Brown-El stated that the reason he did not receive a copy of the magistrate judge's report was because he had been subjected to numerous transfers. The district court denied Brown-El's motion to vacate the judgment.
 
 
 4
 In his timely appeal, Brown-El argues that: 1) the defendants were not entitled to summary judgment as genuine issues of material fact existed; 2) the district court erred by not concluding that the mandatory language of a Michigan regulation created a liberty interest; and 3) the district court erroneously denied his motion to amend his complaint. Brown-El requests oral argument.
 
 
 5
 Initially, we note that the merits of Brown-El's case are reviewable on appeal. In adopting the magistrate judge's report, the district court noted that Brown-El had not filed timely objections to the report. However, the record does establish that Brown-El's copy of the report was returned as undeliverable. Because Brown-El did not receive notice of his right to object to the report, the merits of Brown-El's complaint are reviewable on appeal. See Landefeld v. Marion Gen. Hosp., Inc., 994 F.2d 1178, 1182 (6th Cir.1993); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981).
 
 
 6
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 7
 Upon review, we conclude that the defendants were entitled to judgment as a matter of law. Brown-El contends that there are genuine issues of material fact that should have prevented the district court from granting summary judgment to defendants. However, Brown-El's argument is actually one raising an issue of legal interpretation regarding Michigan regulation PD-DWA-60.01. The real question posed by Brown-El is not whether there is a genuine issue of material fact. Rather, the issue is whether the defendants are entitled to judgment as a matter of law.
 
 
 8
 Brown-El asserts that the language of PD-DWA-60.01 creates a liberty interest whereby the defendants were required to conduct an investigation and to permit Brown-El to call witnesses on his behalf. However, the defendants were not required to conduct an investigation because the officer is only required to investigate in cases where the prisoner has limited intelligence or education. Brown-El does not allege that he has limited intelligence or education--and the policy directive does not create a "liberty" interest in any event.
 
 
 9
 We further note that, absent the loss of good time credits, the mere placement of a prisoner under more restrictive conditions of confinement requires only the protections set forth in Hewitt v. Helms, 459 U.S. 460 (1983). See Hensley v. Wilson, 850 F.2d 269, 283 (6th Cir.1988). Brown-El was notified of the charges against him, he personally presented his defense at each hearing, and he was found guilty of each charge by an independent decisionmaker. Thus, Brown-El received all the due process to which he was entitled. Hewitt, 459 U.S. at 476; Black v. Parke, 4 F.3d 442, 447-48 (6th Cir.1993).
 
 
 10
 Finally, Brown-El argues that the district court erred in denying him the opportunity to amend his complaint. However, the district court properly denied the motion to amend as the amended complaint would not have withstood a motion to dismiss. See Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1041-42 (6th Cir.1991).
 
 
 11
 Accordingly, we deny the request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.