56 F.3d 64
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Ulysses GREENE, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-4227.
 United States Court of Appeals, Sixth Circuit.
 May 22, 1995.
 
 1
 Before: MILBURN and SILER, Circuit Judges, and COOK, Chief District Judge.*
 
 
 2
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Ulysses Greene was tried to the bench and found guilty of possession with intent to distribute in excess of five grams of cocaine base (crack) in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2, and possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. Secs. 924(c) and 2. The district court sentenced Greene to 121 months of imprisonment on count one (range 121 to 151 months), and 60 months of imprisonment on count two (mandatory consecutive sentence). Greene appealed his conviction and sentence claiming that: 1) the district court erred in not granting a reduction in sentence for acceptance of the responsibility and in enhancing the base level offense for obstruction of justice; and 2) defense counsel rendered ineffective assistance at trial. This court affirmed the district court's judgment. United States v. Abrams, No. 90-3974, 1991 WL 164327 at * 11 (6th Cir. Aug. 23, 1991) (per curiam), cert. denied, 502 U.S. 1044 (1992).
 
 
 4
 In his motion to vacate sentence, Greene's sole claim is that the two-point enhancement he received under the Sentencing Guidelines for obstruction of justice was the result of prosecutorial vindictiveness. The case was submitted to a magistrate judge who recommended that Greene's motion to vacate be denied. Greene did not file timely objections to the report and recommendation. On October 12, 1994, the district court denied the motion to vacate. Greene appeals that judgment.
 
 
 5
 In his timely appeal, Greene reasserts the claim that he set forth in the district court. Upon review, we conclude that Greene waived his right to appeal. A party who does not file timely objections to a magistrate judge's report and recommendation, after being advised to do so waives his right to appeal. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The magistrate judge entered a report and recommendation in this case on September 22, 1994, in which he specifically advised Greene that failure to file objections would result in a waiver of his appeal. Despite the warning, Greene did not file timely objections. While waiver may be excused for exceptional circumstances in the interests of justice, Thomas, 474 U.S. at 155 & n.15, no such circumstances exist in this case. Greene admits receiving the magistrate judge's report and recommendation on September 25, 1994, but claims that he was simply confused about what he was required to do. No authority was cited and none was found that raises "confusion" to the level of an exceptional circumstances in the interests of justice.
 
 
 6
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., United States Chief Judge for the Eastern District of Michigan, sitting by designation