66 F.3d 326
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank PICCIRILLI, Petitioner-Appellant,
v.
Ronald EDWARDS, Warden, Respondent-Appellee.
 No. 95-3074.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1995.
 
 1
 Before: MILBURN and NELSON, Circuit Judges; and MORTON, District Judge.*
 
 
 2
 Petitioner appeals pro se a district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On June 1, 1983, after a jury trial, petitioner was found guilty of one count of aggravated murder. He was sentenced to a term of life imprisonment. The Ohio Ninth District Court of Appeals affirmed the conviction on March 28, 1984. The Ohio Supreme Court denied petitioner's motion for leave to appeal thereto on September 12, 1984.
 
 
 4
 On June 17, 1993, petitioner filed the present petition for a writ of habeas corpus in which he raised the following four grounds for relief: 1) he was denied his right to a fair trial and denied fundamental fairness when the prosecution was permitted to submit evidence of complicity/conspiracy and the trial court gave instructions of law to the jury upon a lesser offense of conspiracy when petitioner was indicted as a principal in an aggravated murder; 2) he was denied his right to a fair trial and fundamental fairness when the prosecution did not establish, nor was it required to establish, a causal link between petitioner's alleged conspiracy or complicity to commit murder and the actual crime which was completed; 3) he was denied his right to a fair trial, his right to confront witnesses, and adequate assistance of counsel when the trial court admitted telephone records into evidence; and 4) he was denied his constitutional right to confront witnesses against him by reason of the invocation by Messrs. O'Brian and Ridle of the Fifth Amendment privilege against self-incrimination.
 
 
 5
 In a report and recommendation filed November 14, 1994, a magistrate judge recommended that the petition be dismissed as meritless. The magistrate judge's report did not advise petitioner that he was required to file objections, and none were filed. The district court, after noting that petitioner had failed to file any objections to the report and recommendation, adopted the report and recommendation in a memorandum opinion and order filed December 28, 1994. An order of dismissal was filed that same day. This appeal followed.
 
 
 6
 The respondent maintains that petitioner's failure to file objections to the report and recommendation constituted a forfeiture of the right to appeal. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). In Thomas v. Arn, 474 U.S. 140, 146 (1985), the Supreme Court upheld the requirement to file objections where the parties were given clear notice of the consequences of their failure to object. The Court emphasized, however, that this waiver rule is not jurisdictional in that the procedural default may be excused in the interests of justice. 474 U.S. at 155. When a litigant is proceeding pro se, he must be given fair notice of the consequences of failing to object before a procedural default will result. See Wright v. Collins, 766 F.2d 841, 846-47 (4th Cir.1985). Because the magistrate judge's report and recommendation in the present case did not notify petitioner of the requirement to object and the consequences of a failure to object to findings and recommendations, petitioner's failure to do so does not operate as a waiver in this case.
 
 
 7
 As to the merits of this case, we conclude, for the reasons stated by the magistrate judge and adopted by the district court, that the petitioner was not denied a fundamentally fair trial. See Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993).
 
 
 8
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable L. Clure Morton, United States District Judge for the Middle District of Tennessee, sitting by designation