85 F.3d 630
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, ex rel. David George SWEIGERT,
Plaintiff-Appellant,
v.
ELECTRONIC SYSTEMS ASSOCIATES, INC.; Lemuel Kinney,
Defendants-Appellees.
 No. 95-3884.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1996.
 
 1
 Before: NELSON and MOORE, Circuit Judges; CLELAND, District Judge.*
 
 ORDER
 
 2
 David George Sweigert, proceeding pro se, appeals a district court order and judgment denying his motions for relief from judgment pursuant to Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Sweigert's complaint was filed as a qui tam action under the False Claims Act. 31 U.S.C. §§ 3730-3733. Sweigert named Electronic Systems Associates, Inc. (ESA) and its president, Lemuel Kinney, accusing Kinney, through his corporation, of willfully misrepresenting material facts to the government, resulting in mischarges on certain federal contracts in violation of the False Claims Act. Sweigert was terminated from employment at ESA in November of 1991.
 
 
 4
 A magistrate judge recommended dismissing the complaint because Sweigert had failed to comply with the procedural requirements for qui tam actions under the False Claims Act. Specifically, Sweigert did not file his complaint en camera and did not serve a copy of the complaint on the government. 31 U.S.C. § 3730(b)(2). After no objections were filed, the district court adopted this report and recommendation, and dismissed the complaint.
 
 
 5
 Over two years later, Sweigert filed two motions for relief from that judgment pursuant to Fed.R.Civ.P. 60(b)(6). The magistrate judge recommended denying Sweigert's motions, in two reports, filed June 21, 1995, and July 17, 1995. The second report unequivocally stated that objections were due on August 3, 1995. Significantly, the plaintiff filed no objections to the final report, notwithstanding the magistrate judge's notice to Sweigert that failure to object would forfeit his rights on appeal pursuant to United States v. Walters, 638 F.2d 947 (6th Cir.1981), and under Thomas v. Arn, 474 U.S. 140 (1985). The district court adopted the magistrate judge's report and denied both of the plaintiff's motions for relief from judgment. Sweigert has filed a timely appeal from this final order, asserting the same claims presented to the district court in support of his qui tam action.
 
 
 6
 Sweigert has waived his right to appeal the claims he made in support of his Rule 60(b) motions because he did not file timely objections to the magistrate judge's final report and recommendation, after being advised to do so. Thomas, 474 U.S. at 155; Walters, 638 F.2d at 949-50. Moreover, this matter does not present exceptional circumstances warranting an exception to the rule in the interests of justice. Thomas, 474 U.S. at 155 & n. 15.
 
 
 7
 Accordingly, the district court's order denying Sweigert's motions for Rule 60(b) relief is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation