89 F.3d 833
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roslyn I. FISHER, Plaintiff-Appellant,
v.
INTERNATIONAL BUSINESS MACHINES CORPORATION; Integrated
Systems Solutions Corporation; Dave Biddle; Bob
LeBleu; Roy Webb; Doug Grant; Lee
Elliott; Charles Holloway,
Defendants-Appellees.
 No. 95-6255.
 United States Court of Appeals, Sixth Circuit.
 June 18, 1996.
 
 Before: BROWN, JONES, and CONTIE, Circuit Judges.
 
 ORDER
 
 1
 Roslyn I. Fisher, proceeding pro se, appeals a district court order dismissing her civil rights suit filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, et seq., 42 U.S.C. §§ 1985 and 1988, and the Kentucky Civil Rights Act. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and equitable relief, Fisher, a black female over age forty, sued IBM, Integrated Systems Solutions Corporation, and six individuals, asserting claims of disparate treatment in the workplace and retaliatory discharge. Fisher also asserted various state law claims. The case was dismissed against the individual defendants after Fisher failed to serve them. In response to the defendants' motion for judgment on the pleadings, Fisher filed an "objection," arguing that the defendants failed to timely respond after service of the complaint. Fisher, however, did not file any objections after a magistrate judge recommended judgment on the pleadings in favor of the defendants. The district court then adopted the magistrate judge's recommendation and dismissed the case on the basis of res judicata.
 
 
 3
 Fisher filed a timely appeal. Her brief is liberally construed as reasserting her original claims as well as her argument that the defendants failed to timely respond after service. She also raises various nonsensical issues which will not be addressed.
 
 
 4
 Upon review, we affirm the district court's judgment. In his report, the magistrate judge advised the parties that they had ten days to file any objections or else further appeal would be waived. Despite the admonition, Fisher did not file any objections to the magistrate judge's report. A party who does not file timely objections to a magistrate judge's report and recommendation, after being advised to do so, waives her right to appeal. United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). Thus, Fisher has waived her right to appeal any issue. Furthermore, Fisher does not present any exceptional circumstances that warrant an exception to the rule in the interests of justice. See Thomas v. Arn, 474 U.S. 140, 155 & n. 15 (1985).
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.