**LITTLE CAESAR ENTERPRISES, INC., Plaintiff,**

v.

**Gary G. SMITH, et al., Defendants.**

**Gary G. Smith, et al., Plaintiffs,**

v.

**Little Caesar Enterprises, Inc., Defendant.**

**No. CIV.A. 93–40520; CIV.A. 93–40521.**

United States District Court, E.D. Michigan, Southern Division.

Sept. 30, 1998.

Shawn M. Perry, Perry, Perry, and Perry, Richard A. Lockridge, Lockridge, Grindal, Nauen & Holstein, P.L.L.P., Minneapolis, MN, Charles A. Turnbull, O'Reilly, Rancilio, Nitz, Andrews & Turnbull, P.C., Sterling Heights, for Plaintiffs.

Irwin Alterman, Kemp, Klein, Umphrey & Endelman, Troy, Alan C. Harnisch, Harnisch & Hohauser, P.C., Bingham Farms, Stephen D. Susman, Susman Godfrey, L.L.P., Houston, TX, for Defendants.

*ORDER IN CASE NUMBER 93–40521 ACCEPTING (1) REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE PEPE ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT (III); (2) REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE PEPE ON PLAINTIFFS' MOTION TO AMEND THIS COURT'S AUGUST 7, 1995 ORDER; and (3) REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE PEPE ON PLAINTIFFS' MOTION TO AMEND THE MARCH 31, 1997, CLASS CERTIFICATION ORDER*

GADOLA, District Judge.

Before the court are three separate reports and recommendations filed on March

31, 1998 by Magistrate Judge Steven D. Pepe. All three reports concern motions in case number 93–40521, in which plaintiffs are a class of approximately 400 franchisees of defendant, Little Caesar Enterprises, Inc. ("LCE"). This court, pursuant to 28 U.S.C. § 636(b)(1)(B), Fed.R.Civ.P. 72(b), and L.R. 72.1(d)(2) (E.D.Mich. Jan. 1, 1992), has conducted an extensive review of each report and recommendation, as well as the objections and responses submitted by the parties and the authority cited both by the parties and by the magistrate judge. After conducting a *de novo* review, the court accepts each report and recommendation as the court's findings and conclusions.

While the exhaustive analysis of the magistrate judge obviates the need for a further recitation of the facts and legal issues implicated in the instant motions, this court does wish to specifically address one objection filed by plaintiffs to the report and recommendation on defendant's motion for partial summary judgment (III). The lynchpin of the magistrate judge's recommendation that defendant's motion for summary judgment be granted as to the issue of market power in the tying market is the magistrate judge's conclusion that the plaintiffs are not entitled to a narrowed market definition of the type discussed in *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992), and its progeny. In turn, the key to that conclusion was the magistrate judge's finding that "the evidence does not show that during the limitations period for this lawsuit the defendant used its restrictive policy on the availability of logoed goods to alternate distributors to *exclude* any potential distributor from the market. Nor during the limitations period has any potential alternate distributor been *precluded from entering* the market to compete with Blue Line because of LCE's restriction on the availability of logoed goods." (Rep. & Rec. at 100 (emphasis in original).)

Plaintiffs' primary contention with respect to the substance of this analysis is that the magistrate judge relied on an incorrect reading of the Sixth Circuit's decision in *PSI Repair Servs., Inc. v. Honeywell, Inc.*, 104 F.3d 811 (6th Cir.1997). Plaintiffs contend

that the *PSI* court would have allowed a *Kodak*-type market definition to be submitted to a jury in that case if the antitrust plaintiff had submitted substantial evidence that the defendant had *either* changed its pricing structure and service policies after locking the plaintiff in *or* merely concealed material information prior to sale about its pricing structure and service policies. Accordingly, plaintiffs in this case contend that the magistrate judge erred when he read *PSI* and *Kodak* as requiring plaintiffs to produce evidence that LCE actually implemented its policy to exclude any potential alternate distributor from the market. Under plaintiffs' reading of *PSI*, the fact that the magistrate judge found that there was substantial evidence that LCE concealed information related to the ability of alternate distributors to compete without access to logoed goods is sufficient, in and of itself, to justify a narrowed market definition under *Kodak*.

However, this court agrees with the magistrate judge's interpretation of the holding of the *PSI* court. In *PSI*, the court held specifically that:

> [i]f there were any evidence in the record that Honeywell *took advantage of its customers' imperfect information* in order to reap supracompetitive profits in the aftermarkets for its equipment, we would not hesitate to allow a *Kodak*-type theory to be submitted to the jury. However, we can find nothing in the record or PSI's brief that alleges that Honeywell engaged in such activities.

*PSI*, 104 F.3d at 821 (emphasis added). This language seems to imply that an antitrust plaintiff must show that the defendant took some action in an attempt to capitalize on the antitrust plaintiff's imperfect information after the plaintiff became locked in relying on that imperfect information. Accordingly, this court agrees with the magistrate judge's conclusion that one requirement for a narrowed market definition under *Kodak* and *PSI* is that plaintiff must show that, "after a substantial number of customers have sunk significant costs that are not recoverable and face other switching costs, the seller takes some action changing its policy (or acting on

a prior undisclosed policy) that takes advantage of its locked in customers' lack of information in order 'to reap supracompetitive profits' by imposing a burdensome tie-in." (Rep. & Rec. at 50.) Moreover, this court agrees with the conclusion of the magistrate judge that, in this case, "no reasonable jury could find that during the limitations period LCE used its power to deny access to logoed goods to alternate distributors to handicap or exclude any rival distributors." (Rep. & Rec. at 101.)

Accordingly, this court having reviewed the submissions of the parties and being fully advised in the premises,

It is hereby **ORDERED** that the magistrate judge's March 31, 1998 report and recommendation on defendant's motion for partial summary judgment (III) is **ADOPTED.**

It is further **ORDERED** that defendant's motion for partial summary judgment is **DENIED** on the issue of there being one product and not two, and **GRANTED** on the issue that plaintiffs have insufficient proof of market power in the tying product market.

It is further **ORDERED** that the magistrate judge's March 31, 1998 report and recommendation on plaintiffs' motion to amend this court's August 7, 1995 order is **ADOPTED.**

It is further **ORDERED** that plaintiffs' motion pursuant to Rule 54(b) is **DENIED.**

It is further **ORDERED** that the magistrate judge's March 31, 1998 report and recommendation on plaintiffs' motion to amend the March 31, 1997, class certification order is **ADOPTED.**

It is further **ORDERED** that plaintiffs' motion to amend the March 31, 1997, class certification order is **DENIED.**

**SO ORDERED.**

### REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION TO AMEND THE MARCH 31, 1997, CLASS CERTIFICATION ORDER

PEPE, United States Magistrate Judge.

Plaintiffs have filed a motion for a modification of this Court's March 31, 1997, class certification. This motion has been referred to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

In my Report and Recommendation of September 30, 1996, recommending a nationwide class certification for Little Caesar franchisees who signed the mid–1990 Franchise Agreement, which this Court accepted, I noted that the plaintiffs had through their economic experts submitted common proofs of impact nationwide. *Little Caesar Enterprises, Inc. v. Smith,* 172 F.R.D. 236, 266 and n. 29 (E.D.Mich.1997). In my earlier March 31, 1995, report on a proposed nationwide class, I had determined that impact would need to be proven region by region for each of Blue Line's 16 distribution regions. The Court in its August 1995 order denying class certification relied in part on this need for regional proofs of impact. Thus, plaintiffs assert that with this error corrected, the Court should reconsider certifying a class that includes those franchisees who signed pre–mid–1990 Franchise Agreements.

In a Report and Recommendation of March 31, 1998, I have recommended granting of defendant's motion for partial summary judgment which, if accepted, would result in a judgment for the defendant in the certified class. In this Court's August 7, 1995, opinion, it noted that Plaintiffs Fields and Hennessy could not prove the "coercion" element of a *per se* tying claim because they had not used their contract rights under Section VII of the Franchise Agreement to seek an alternative distributor to Blue Line, nor could they prove that they failed to seek such an alternate distributor because it would be "futile." Thus, the law of the case is that absent a request for an alternative distributor or sufficient proofs of futility, a plaintiff cannot establish a *prima facie* element of a *per se* tying claim. In another Report and Recommendation of March 31, 1998, I have recommended that this Court not reconsider that earlier summary judgment determination notwithstanding certain newly discovered evidence and certain new case authority from other federal districts.

Thus, even though proof of impact can be demonstrated nationwide by common proofs for franchisees who signed the pre–mid–1990 Franchise Agreement, plaintiffs have not

submitted sufficient common proofs of futility to warrant modifying this Courts earlier class certification.[1]

*RECOMMENDATION:*

For the above stated reasons **IT IS RECOMMENDED THAT** Plaintiff's Motion to Amend the March 31, 1997, Class Certification be **DENIED.**

Any objections to this Report and Recommendation must be filed on or before May 11, 1998. 28 U.S.C. § 636(b)(1); E.D. Mich. LR 72.1(d)(2). Failure to file objections within the specified time constitutes waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Ivey v. Wilson,* 832 F.2d 950, 957–58 (6th Cir.1987); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

On or before June 1, 1998, the opposing party may file a response to any objecting party's timely filed objections. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: March 31, 1998

---

1. As noted in the Report recommending denial of reconsideration of this Court's earlier ruling concerning plaintiffs Fields and Hennessy, plaintiffs' counsel is now suggesting that Gary Smith's 1992 application to have AmeriServ approved as an alternative distributor was made on behalf of An Association for the Little Caesar Franchisee.

I did not find that submission sufficiently convincing to warrant a modification of this Court's summary judgment against plaintiffs Fields and Hennessy on their tying claims. Nor do I find it sufficient to warrant certification of a national class of Little Caesar franchisees who signed the pre–mid–1990 Franchise Agreement.