Michael C. LEE, Petitioner,

v.

UNITED STATES of America, Respondent.

Nos. Civ. 97–75457, Crim. 87–80933.

United States District Court, E.D. Michigan, Southern Division.

Feb. 9, 1999.

Michael Lee, pro per, Ashland, KY, for petitioner.

U.S. Attorneys Office, Drug Unit, Detroit, MI, for respondent.

### OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

ROSEN, District Judge.

### I. *INTRODUCTION*

On May 27, 1998, Magistrate Judge Steven D. Pepe issued a Report and Recommendation ("R & R") recommending that the Court deny Petitioner's October 29, 1997 motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Petitioner timely filed objections to the R & R on June 9, 1998 and a motion to supplement the record on January 5, 1999.[1]

Having reviewed and considered the R & R, Petitioner's objections, Petitioner's motion to supplement the record, and the file as a whole, the Court agrees with Magistrate Pepe's conclusions and finds that for the reasons stated in the R & R, Petitioner's motion should be denied. However, the Court wishes to add some additional comments with respect to the issues raised by Petitioner in his aforementioned objections and motion to supplement the record.

### II. *BACKGROUND*

Following a jury trial, Petitioner was convicted of conspiracy to possess with intent to distribute crack cocaine and sentenced on March 21, 1990 to a term of 262 months. According to Petitioner, the Court reached this sentence by attributing to Petitioner all of the drugs distributed throughout the life of the conspiracy.

Subsequent to Petitioner's sentencing, the Sentencing Commission amended the Commentary to United States Sentencing Guideline ("U.S.S.G.") § 1B1.3, effective November 1, 1994, by adding an eighth paragraph to Application Note 2. This new paragraph, labeled Amendment 503, makes clear that as a general rule in conspiracy cases, an individual's relevant conduct for the purposes of sentencing does not include "the conduct of members of a conspiracy prior to the defendant joining the conspiracy." In light of Amendment 503, Petitioner now seeks a reduction of his sentence, claiming that the sentencing court attributed drugs to him from before his entry into the conspiracy.

### III. *ANALYSIS*

An imprisoned defendant may file a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), which provides:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant ... the court may reduce the term of imprisonment; after considering the factors set forth in section 3553(a) to the extent that they are applicable, **if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.**

(emphasis added).

Applying § 3582(c)(2), Magistrate Pepe found that the applicable policy state-

---

1. The Court previously entered an Order Adopting Magistrate Judge's Report and Recommenda- tion on December 30, 1998, which was withdrawn by Order dated January 8, 1999.

ment in the present case was U.S.S.G. § 1B1.10.[2] This section, entitled "Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)," clearly delineates the rules for when courts should apply amendments to the sentencing guidelines retroactively:

> Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). **If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.**

U.S.S.G. § 1B1.10(a) (emphasis added). In light of the fact that Amendment 503 is not among the amendments designated for retroactive application in § 1B1.10(c), Magistrate Pepe logically recommended that the Court deny Plaintiff's Motion.

In his motion to supplement the record and objections, Petitioner contests the Magistrate Judge's conclusion on two grounds. First, Petitioner argues that Amendment 503 clarifies the operation of § 1B1.3, and the Court is required to give retroactive effect to clarifying, as opposed to a substantive, amendments to the Sentencing Guidelines. Alternatively, Petitioner argues that the policy statement applicable to the present case is not U.S.S.G. § 1B1.10, but rather U.S.S.G. § 1B1.11.

With respect to the first argument, Petitioner relies on the Sixth Circuit's recent decision in *Jones v. United States*, 161 F.3d 397 (6th Cir.1998). The petitioner in *Jones* filed a motion under 18 U.S.C. § 2255, seek-

ing a reduction in his sentence in light of a post-sentencing amendment to U.S.S.G. § 3B1.1 (Amendment 500, *infra*).[3] The district court denied Jones' § 2255 motion on the grounds that the Sentencing Commission did not designate Amendment 500 for retroactive application in § 1B1.10(c). On appeal, the Sixth Circuit reversed, finding that Amendment 500 merely clarified the operation of § 3B1.1, and that clarifying amendments apply retroactively, regardless of whether such amendments are listed in § 1B1.10(c). *Jones*, 161 F.3d at 402–403. In reaching this decision, the Court did not rely on a policy statement in the Sentencing Guidelines, instead reasoning that "[i]t is unfair to punish a defendant for the Commission's lack of clarity, especially when the Commission acknowledges and corrects the ambiguity." *Jones*, 161 F.3d at 403.

Arguing by analogy to *Jones*, Petitioner seeks a reduction in his own sentence on the grounds that Amendment 503 merely clarifies the operation of § 1B1.3. This argument fails to recognize, however, the crucial distinction that the present case involves a motion brought under 18 U.S.C. § 3582(c)(2) rather than 28 U.S.C. § 2255. Unlike § 2255, the express terms of § 3582(c)(2) mandate that any reduction in sentence be "consistent with applicable policy statements issued by the Sentencing Commission." Thus, in resolving a § 3582(c)(2) motion, the Court cannot rely solely on its own subjective determination of "fairness"—the basis for the Sixth Circuit's decision in *Jones*. Rather, the Court must find textual support for its decision in the policy statements enacted by the Sentencing Commission.

Turning to the Guidelines, the policy statement set forth in § 1B1.10, which speaks directly to § 3582(c)(2) motions, makes no distinction between clarifying and substantive amendments. Indeed, Application Note

---

**2.** The Background Notes to § 1B1.10 provide, "This policy statement provides guidance for a court when considering a motion under 18 U.S.C. § 3582(c)(2)."

**3.** 28 U.S.C. § 2255 provides in pertinent part:
A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that

the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

1 to this section expressly provides, "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered *only* by an amendment listed in subsection (c) that lowers the applicable guideline range." (emphasis added). Accordingly, the Court finds *Jones* inapplicable to the present case brought under § 3582(c)(2).

■ Despite the clear language of § 1B1.10, Petitioner alternatively argues that the policy statement applicable to the present motion is U.S.S.G. § 1B1.11. This policy statement sets forth the general rule that courts should apply the Guidelines Manual in effect on the date of sentencing. § 1B1.11(a). The guideline continues, however, by providing that if a court determines that following the general rule would violate the ex post facto clause of the United States Constitution, the court "shall use the Guidelines Manual in effect on the date that the offense of conviction was committed." § 1B1.11(b)(1). If an earlier version is used, though, the Court must apply the earlier version in its entirety, with the exception that the Court must consider subsequent amendments to the "extent that such amendments are clarifying rather than substantive changes." § 1B1.11(b)(2). Pointing to § 1B1.11(b)(2), Petitioner argues that Amendment 503 merely clarified the proper operation of § 1B1.3, and thus, it should apply retroactively.

In making this argument, Petitioner relies on *United States v. Capers*, 61 F.3d 1100 (4th Cir.1995), in which the Fourth Circuit, on direct appeal, considered the retroactive application of a post-sentencing amendment to U.S.S.G. § 3B1.1. Following his conviction in a drug trafficking conspiracy, Capers was given a three level enhancement under U.S.S.G. § 3B1.1(b) as a manager or supervisor. As grounds for this enhancement, the sentencing court cited the defendant's control over the collection of money and delivery of drugs. Following Capers sentencing, the Sentencing Commission amended the com-

mentary to § 3B1.1 by adding a new Application Note 2. This Amendment (Amendment 500), provided that in order to qualify for an adjustment under § 3B1.1, the defendant must have been the manager or supervisor of one or more participants in the conspiracy. Capers, who did not manage or supervise other participants in the conspiracy, then sought retroactive application of Amendment 500.

In analyzing Capers' argument, The Fourth Circuit first noted that pursuant to U.S.S.G. § 1B1.11(b)(2), "courts can give retroactive effect to a clarifying (as opposed to substantive) amendment regardless of whether it is listed in U.S.S.G. § 1B1.10." *Capers*, 61 F.3d at 1109. The Court further explained, "This rule applies when a sentencing court is faced with a presentencing clarifying amendment that postdates the particular edition of the Guidelines Manual used at sentencing ... The rule also applies when a reviewing court is confronted with a postsentencing clarifying amendment." *Capers*, 61 F.3d at 1109. Thus, despite the fact that the Guidelines set forth the clarifying/substantive dichotomy within the context of the rules that govern when a sentencing court applies an earlier version of the Guidelines to avoid ex post facto concerns, the Fourth Circuit appeared to extend the reach of § 1B1.11(b)(2) to post-sentencing clarifying amendments.[4]

Having reviewed the *Capers* decision, the Court declines to follow the Fourth Circuit's interpretation of the Sentencing Guidelines. The clear language of the Guidelines limits the applicability of 1B1.11(b)(2) to cases in which the sentencing court applies an earlier version of the Guidelines, as opposed to the Guideline Manual in effect at the time of sentencing, to avoid a conflict with the ex post facto clause of the United States Constitution. *See, United States v. Milton*, 27 F.3d 203, 210 (6th Cir.1994) (discussing the distinction between clarifying and substantive

---

**4.** Importantly, the Fourth Circuit proceeded to find that Amendment 500—which the Sentencing Commission described as "clarifying" the operation of § 3B1.1—actually worked a substantive change in the operation of § 3B1.1. As a result, the *Capers* Court refused to apply Amendment

500 retroactively, on the grounds that the Sentencing Commission did not list the amendment in § 1B1.10(c). *Capers*, 61 F.3d at 1112–1113; *cf., Jones*, 161 F.3d at 402 ("Whether an amendment can be considered clarifying depends on whether the Commission specifically stated so.").

amendments when applying an earlier version of the guidelines to avoid ex post facto concerns). In direct contrast, § 1B1.10 sets forth the rules for when post-sentencing amendments apply retroactively in the context of a § 3582(c)(2) motion.

In the present case, there were no ex post facto concerns, and consequently, the court followed the general rule of § 1B1.11(a), requiring the application of the Guidelines Manual in effect at the time of sentencing. Indeed, Amendment 503 did not take effect between Petitioner's offense and sentencing, but rather became effective on November 1, 1994, well after Petitioner's March 21, 1990 sentencing. Accordingly, § 1B1.11(b)(2) is wholly inapplicable to the present case, and the Magistrate Judge properly concluded that the unequivocal terms of § 1B1.10 applied.

### IV. *CONCLUSION*

Therefore,

IT IS HEREBY ORDERED that the Magistrate Judge's May 27, 1998 R & R be, and hereby is, adopted by the Court.

IT IS FURTHER ORDERED that for the reasons set forth in the Magistrate Judge's R & R, Petitioner's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) is DENIED.

### REPORT AND RECOMMENDATION

Pepe, United States Magistrate Judge.

Petitioner Michael C. Lee was found guilty by a jury on December 22, 1989, of conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846. He has filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) on October 29, 1997. This motion was referred to me for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

### I. BACKGROUND

Michael C. Lee was convicted by a jury on December 22, 1989, of conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846. He was sentenced to a term of 262 months imprisonment. His conviction and sentence was affirmed by the Sixth Circuit. On October 28, 1992, petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255, raising one claim of ineffective assistance of counsel. In my December 13, 1993, Report and Recommendation, I recommended that the motion be denied. On March 30, 1994, Judge Edmunds accepted my Report and Recommendation and ordered that petitioner's motion be denied. The Sixth Circuit affirmed Judge Edmunds' decision.

Petitioner has now filed this motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), arguing that his sentence should be redetermined based on an amendment to the Sentencing Guidelines adopted after his sentence was imposed.

Respondent has filed a motion to dismiss for lack of jurisdiction. Respondent argues that because petitioner has filed a second § 2255 motion without obtaining certification from the United States Court of Appeals for the Sixth Circuit to file a successive § 2255 motion, his motion should be dismissed.

In his traverse, petitioner disputes that this motion is his second § 2255 motion but rather he states that it is a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) as titled.

### II. ANALYSIS

A. *The Government's Motion to Dismiss for Lack of Jurisdiction*

Under 28 U.S.C. § 2255, a federal prisoner filing a second § 2255 motion must obtain certification as provided in section 2244. 28 U.S.C. § 2244(b)(3)(A), as amended, provides that "before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

The government is correct in its assertion that petitioner has filed one § 2255 motion which was denied, however, the present motion is not petitioner's second § 2255 motion. Petitioner now moves for a reduction to his sentence pursuant to § 3582(c)(2). In this motion, he argues that he should be resen-

tenced pursuant to Amendment 503 to U.S.S.G. § 1B1.3, which was adopted after his sentence was imposed. Because the present motion is not a second § 2255 motion, petitioner was not required to obtain certification from the United States Court of Appeals for the Sixth Circuit. *See, e.g., United States v. Richards,* 67 F.3d 1531, 1533 (10th Cir.1995) (court addressed merits of § 3582(c)(2) motion after petitioner's two previous § 2255 motions were denied, implicitly finding that the abuse of writ rules did not apply); *United States v. Allison,* 63 F.3d 350 (5th Cir.), *cert. denied,* 516 U.S. 955, 116 S.Ct. 405, 133 L.Ed.2d 324 (1995). The government's motion to dismiss should be denied.

### B. *The Merits of Petitioner's Motion for Reduction of Sentence*

In his present motion, petitioner claims that Amendment 503 clarifies the rules for determining when a co-conspirator's conduct in furtherance of the conspiracy can be attributed to a defendant. Petitioner claims that he is entitled to "minimum participant under U.S.S.G. § 1B1.3, as the measure of each participant's individual acts and relative culpability against the elements of the offense of conviction." Petitioner's Motion, p. 4.

18 U.S.C. § 3582(c)(2) provides:

in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The applicable policy statement is U.S.S.G. § 1B1.10(a) which states:

Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.

U.S.S.G. § 1B1.10(a). Application Note 1 to this section makes clear that "[e]ligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range." *Id.* Sentencing Guideline § 1B1.10(c) sets forth the amendments to the guidelines that are to be applied retroactively for purposes of 18 U.S.C. § 3582(c)(2).

On November 1, 1994, Sentencing Guideline § 1B1.3 was amended by Amendment 503, which now "clarifies the operation of 1B1.3 with respect to the defendant's accountability for the actions of other conspirators prior to the defendant joining the conspiracy." U.S. Sentencing Guidelines Manual, Appendix. C, Amendment 503. The Sentencing Commission, however, did not specifically list Amendment 503 in U.S.S.G. § 1B1.10(c). Therefore, Amendment 503 cannot be applied retroactively to petitioner in this case. Accordingly, petitioner's motion for reduction of his sentence should be denied.

### III. *Recommendation*

For the reasons stated above, it is recommended that respondent's motion to dismiss for lack of jurisdiction be denied. It is further recommended that petitioner's motion for reduction of sentence be denied.

Any objections to this Report and Recommendation must be filed within ten (10) days of its service. 28 U.S.C. § 636(b)(1); E.D.Mich. LR 72.1(d)(2). Failure to file objections within the specified time constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Ivey v. Wilson,* 832 F.2d 950, 957–58 (6th Cir.1987); *United States v. Walters,* 638 F.2d 947 (6th Cir.

1981). Pursuant to E.D.Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.