**Lynn JACKSON, Sr., Petitioner–Appellant,**

v.

**Andrew J. JACKSON, Warden, Respondent–Appellee.**

No. 99–2424.

United States Court of Appeals, Sixth Circuit.

March 13, 2001.

Before KRUPANSKY, BOGGS, and BATCHELDER, Circuit Judges.

*ORDER*

Lynn Jackson, Sr., a Michigan prisoner proceeding pro se, appeals a district court order denying his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1993, a jury convicted Jackson of two counts of first-degree murder and one count of felony firearm. He was sentenced to two life terms and two years of imprisonment, respectively. The Michigan Court of Appeals affirmed the convictions and sentences on direct appeal, and the Michigan Supreme Court denied Jackson leave to appeal. Jackson filed a petition for habeas corpus in June 1997, and an amended petition in March 1999. His amended petition presented the following claims: (1) he was denied due process and a fair and impartial trial by the trial court's comments and questions; (2) he was denied due process and a fair and impartial trial by the prosecutor's closing argument; and (3) he was denied equal protection by the Michigan appellate courts because they overturned other convictions based on judicial misconduct but not his.

The magistrate judge recommended denying the petition. The petitioner did not

file any objections. The district court adopted the magistrate judge's report and recommendation, denied the petition, but granted the petitioner a certificate of appealability on the following issue: was the petitioner denied his right to due process and a fair trial due to the comments and questions of the trial court?

Upon review, we conclude that the petitioner waived his right to appellate review of the district court's order. A party who does not file timely objections to a magistrate judge's report and recommendation, after being advised to do so, waives his right to appeal. *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Exceptional circumstances, however, will warrant an exception to the rule in the interests of justice. *Thomas v. Arn*, 474 U.S. 140, 155 n. 15, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). In this case, the report clearly informed the parties that failure to object to the report and recommendation within ten days would constitute a waiver. The report was entered June 25, 1999, and the petitioner did not file any objections either before or after the district court adopted the report on October 25, 1999. Nor did the petitioner offer any explanation for his failure to object after the respondent raised the issue on appeal. Accordingly, the petitioner waived his right to appeal, and there are no exceptional circumstances warranting an exception to the waiver rule. *See Thomas*, 474 U.S. at 155 n. 15, 106 S.Ct. 466.

For the foregoing reasons, we affirm the district court's order denying Jackson's petition. Rule 34(j)(2)(C), Rules of the Sixth Circuit. All pending motions are denied.